### *In re* McCain.

1. The duty of county commissioners intrusted with the letting of contracts for county supplies to the lowest responsible bidder is not merely a ministerial one, but they must carefully consider the terms of each bid, and their judgment in letting a contract cannot be controlled by mandamus.

2. Where a court exceeds its jurisdiction the issuance of a peremptory writ of mandamus, a commitment for a refusal to comply with the mandate is a nullity.

(Opinion filed July 13, 1896.)

Application of Anson J. McCain for discharge upon writ of *habeas corpus.* The petitioner was in custody of the sheriff, under a commitment for contempt. Prisoner discharged.

The facts are stated in the opinion.

No briefs filed.

*Levi McGee* and *Edmund Smith,* for petitioner.

*Crawford & DeLand,* for sheriff.

*Horner & Stewart,* for Joseph B. Gossage.

HANEY, J. The petitioner, a member of the board of county commissioners in Pennington county, alleges that he is illegally deprived of his liberty by the sheriff of that county, and askes that he be discharged by an order of this court. From the sheriff's return it appears that he is held in custody under and by virtue of a commitment for contempt issued by the circuit court for an alleged violation of its peremptory writ

of mandamus. The only question we have to consider is whether the court was authorized to issue such writ. If it was —if the court had jurisdiction to make the mandate in question —its action, however erroneous, cannot be reviewed in this proceeding; but, if the circuit court was without jurisdiction, it had no right in law to punish for any contempt of its unauthorised requirement. *Ex parte* Roland, 104 U. S. 604; Comp. Laws, § 7841.

It appears that Joseph B. Gossage, the Perkins Bros. Company, and others, filed bids with the board, of which the petitioner is a member, for the county printing, and for the furnishing of blanks, blank books, stationery, and supplies for the county offices for one year. These bids were considered by the board at its April meeting, and the contract for furnishing blanks, blank books, stationery and general supplies was awarded to the Perkins Bros. Company. Thereupon Gossage, claiming to be the lowest responsible bidder for both the county printing and for the furnishing of supplies, applied to the circuit court for an alternative writ of mandamus requiring the board to accept his bids and award him the contracts. The members of the board appeared in response to the alternative writ, and such proceedings were had as resulted in the issuance of a peremptory writ requiring the commissioners to immediately award and let the contract for the county printing for one year, including the printing of the delinquent tax list, and the proceedings of the county commissioners, and all notices required by law to be published, to the said Joseph B. Gossage, and to immediately let and award the contract for the furnishing of the blanks, blank books, stationery, and supplies generally, for all the county offices for one year, to the said Joseph B. Gossage, and to execute such contracts in accordance with the bids of the said Gossage. This peremptory writ was duly served, and upon a showing that the petitioner had willfully refused to obey it, he was found guilty of contempt, fined $100, and committed to the common jail of Pennington county until

he should comply with the mandate of the court, and execute
the contracts therein mentioned. Having been imprisoned un-
der this order of commitment, the petitioner asks to be dis-
charged from custody, alleging that his confinement is illegal.
Numerous objections are made by him to various steps in the
proceedings which resulted in the order of commitment. It is
alleged that no judgment was ever rendered in the mandamus
proceeding; that proper notice was not given the defendants
therein; that the board was required by the peremptory writ
to perform acts not required by law, and which are beyond the
limits of their official duties—especially in regard to the publi-
cation of the delinquent tax list. In the view we shall take of
the case, it will be unnecessary to consider any of these objec-
tions, our attention being confined to the substantial contro-
versy, whether the court had jurisdiction to issue the writ; and
in considering this question, we will, for the purposes of the
discussion, assume the position which is most favorable to the
court below, and the contention of the parties interested civilly
in having the contracts executed according to the requirements
of its mandate.

The right of Gossage to have his bids accepted must be
sustained, if at all, upon the theory that he was the lowest re-
sponsible bidder, and that it was the official duty of the board
to award him the contracts. Assuming that, if he was the low-
est responsible bidder, it was the duty of the board to award
him the contracts, did the court have authority to require the
board to do so by mandamus? We believe the better doc-
trine is that the duties of officers intrusted with the letting of
contracts to the lowest responsible bidder are not duties of a
merely ministerial nature, but involve the exercise of such a
degree of official discretion as to place them beyond the control
of the courts by mandamus. High. Extr. Rem. § 92. It was not
the duty of the board to accept the Gossage bid. Its duty con-
sisted in carefully and honestly considering the terms of each
bid, the needs of the county, the responsibility of each bidder;

and upon the facts, as its members believed them to exist, the board was bound to act. The duty of determining what bids were the lowest, all things considered, and who was or was not a responsible bidder, belonged to the board. It was a duty confided to its honest judgment and sound discretion. This discretion did not rest with the circuit court. It should have been slow to interfere with its exercise by the officers especially intrusted therewith. We very confidently reach the conclusion that the decision of the board, within the limits of the discretion conferred upon it, should not be controlled by the courts. The court might have required the board to proceed and consider the bids, but it did not have authority to command the board to award the contracts to any particular bidder. It could not direct and control the board in the exercise of the discretion conferred upon it by the law. In attempting so to do, it certainly erred; and this court would, upon an appeal in the mandamus case, not hesitate to reserve its action. But a judgment may be erroneous, and not void, and it may be erroneous because it is void. *Ex parte* Lange, 18 Wall. 163. It is well settled that a merely erroneous judgment cannot be reviewed upon *habeas corpus*, and that a void judgment will not sustain a commitment. Nothing in the law is more difficult than an attempt to distinguish between what is erronious only and what is void. The case at bar illustrates this difficulty. We consider that there is no doubt that the circuit court erred in attempting to control and direct the discretion of the board, but it is not so clear that in so doing it exceeded its jurisdiction and issued a process which was absolutely void. It has been impossible, within the time allowed for the preparation of this opinion, to refer to the numerous authorities consulted, or to discuss the subject as exhaustively as its importance merits. It is conceded that the question involves serious difficulties, and is one upon which courts may easily differ; but upon such examination as we have been able to give it, and having in mind that the liberty of a citizen is involved, we are

inclined to hold that the court was without power to issue the writ, that its mandate was without force or effect, and that the petitioner cannot be punished, although he may have failed or refused to comply with its requirements. This position is sustained by the supreme court of the United States in the case *Ex parte* Roland, *supra*, and rests upon sound reason. The powers of the circuit court were invoked for one purpose only. It was asked, in the mandamus proceeding, to require the board to award the contracts to Gossage. It could, upon the facts stated in the application, only deny such application, or deprive the board of the exercise of any discretion in relation to making the contracts. It could not have issued a peremptory writ of any description which would not have been erroneous. It was called upon to consider a question over which it had no control. Upon the facts before it, the court was without authority to issue any mandate at all. Therefore its action exceeded its jurisdiction. Its order of commitment is a mere nullity, and the petitioner should be discharged. It is so ordered.

FULLER, J., concurring in the result.