## In Re DONNELLY'S ESTATE.

(226 N. W. 563.)

(File No. 6227.  Opinion filed August 3, 1929.)

*Clark & Henderson,* of Yankton, for Appellant.

*Harry Kunkle* and *Orvis & French,* all of Yankton, for Respondents.

BROWN, J.  John Henry Donnelly, who died on November 21, 1922, owned and occupied as his homestead the S. ½ of the S. E. ¼ and the N. W. ¼ of the S. E. ¼ of section 36-95-54 in Yankton county.  By his will he devised a life interest in the property to his wife and the remainder to his four children, who at the time of his death were all minors, the oldest twelve, the youngest five years of age.  His widow was executrix of his will, and in the course of the administration of the estate she made an application for the sale of this property, on which an order authorizing either a public or private sale of the property was made. The only bid submitted was that of appellant, who had an un-

secured, allowed claim against the estate in the sum of $7,499.38, and proposed to pay the sum bid, $15,000, only by assuming a Federal Land Bank mortgage of $5,500 against the land and application of the full amount of its own unsecured claim and the unsecured claim of Ole Pederson for $887.52, and to pay the balance, if any, to the administrator upon confirmation of the sale. The offer was not and could not properly be accepted, and on September 19, 1925, the court on application of the widow made an ex parte order setting the land apart as a homestead for the use of the family. Volin State Bank took an appeal from this order to the circuit court, and on motion of attorneys for the widow and minor children the appeal was dismissed on the ground that the Volin State Bank was not a party aggrieved by the order from which the attempted appeal was taken, and that its rights and interests as a creditor of the estate were not affected by the order, and from the order of dismissal this appeal is taken.

Appellant contends that the proceedings in the county court show that the widow, some time after the death of her husband, leased the land for a term of three years, and that she procured an order for its sale in the course of the administration, that the land thus lost its homestead character, and the county court had no authority to set it apart as a homestead.

Respondent contends that appellant's rights as a creditor are not in any manner affected by the decree setting the land apart as a homestead, that therefore appellant is not a party aggrieved and has no right of appeal, and therefore the appeal was properly dismissed. We are of the opinion that respondent is right in this contention. It is undisputed, and indeed is a part of appellant's own showing on his appeal to the circuit court, that the land was the family homestead of Donnelly at the time of his death and for ten years continuously immediately preceding his death. By the terms of his will, immediately upon his death his wife acquired a life interest in the property with the remainder divided equally among his four minor children. The widow, as executrix, had no right or interest in the homestead, not even the right of possession. Rev. Code 1919, § 3301, provides that the executor is entitled to and must take into his possession all the property of the estate *except the homestead* and personal property not assets reserved to the widow and children or either of them. Section 3335 requires the

executor to make and return to the court, at its first term after his appointment, an inventory and appraisal of all the property of the decedent *except the homestead*. Section 3337 provides that appraisers must appraise all the property in the inventory and that the inventory must contain all the property of the estate, real and personal, *except the homestead*. These provisions of the statute seem to indicate clearly that the executor, in the capacity of executor, has nothing to do with the homestead unless it exceeds in value the sum of $5,000. in which case it may be ordered by the county court to be sold pursuant to section 3347, which provides that: "If no homestead has been selected, marked out, platted and recorded, the county court shall cause the same to be done and decree the possession of the same to the person or persons entitled thereto; if the selected homestead exceed in area or value the homestead provided for by the homestead and exemption laws, *and if demand is made by the creditors of the estate* for the appraisal, partition or sale of the same, the county court must cause the same to be done according to the provisions of said laws; \* \* \* and if the selected homestead is sold as hereinbefore provided, the court shall deduct from the proceeds of sale five thousand dollars as exempt and loan the same, and shall order the payment of the income therefrom to be made to the person or persons entitled thereto, or it may order the purchase of another homestead from any part of said homestead fund." Section 3348 provides that the homestead or equity in a homestead, as limited by law, is not subject to the payment of any debt or liability existing against the homestead claimant at the time of the death of the homestead claimant, except as provided in the law relating to homesteads.

It is unnecessary to consider the question whether or not the widow by leasing the farm for three years abandoned it as a homestead. Its occupancy as a home or homestead would render it exempt from debts of the widow or family contracted on their own account subsequent to the death of decedent, and unless it retained the homestead character it would not be exempt from such debts. But it is not at all necessary that it should retain the homstead character in order to be exempt from the debts of the *decedent*. As will be seen from the provisions of section 3348, above referred to, the homestead or equity in a homestead is not subject to any debt or liability existing against the decedent at the time of his

death or previous thereto. Section 467 provides that the homestead shall descend according to the law of succession unless otherwise disposed of by will "and shall be held exempt from any antecedent debt of the parent." To the value of $5,000 above incumbrances the land was therefore exempt from the claim of appellant in this case, and the order setting it apart as a homestead did not either increase that exemption or render it in the least degree more difficult for appellant to realize on its claim the excess, if any, in the value of the land above this exemption. Before the order setting the land apart as the homestead of the family, appellant could have taken such proceedings as it saw fit in order to subject to the payment of its claim the excess in value of the land over the exemption of $5,000 above incumbrances. Since the order setting it apart, appellant can take exactly the same steps to realize on its claim such excess in value. In its broadest signification, the word "aggrieved" as used in law books means: "One who is injured in a legal sense; one who has suffered an injury to person or property." 2 C. J. 973.

Since the making of the order setting this land apart as a homestead appellant has every remedy that it had before; it is not injured in a legal sense, either in person or property, by the making of the order and is not a party aggrieved; and there was no error in dismissing the appeal.

The order appealed from is affirmed.

SHERWOOD, P. J., and POLLEY, J., concur.

CAMPBELL and BURCH, JJ., dissent.