AMERICAN FRUIT GROWERS, Inc. v. LEWIS D. GOLDSTEIN FRUIT & PRODUCE CORPORATION.

Civil Action No. 7713.

District Court, E. D. Pennsylvania.

May 5, 1948.

310

Harold B. Lipsius, of Lipsius & Lipsius, all of Philadelphia, Pa., and Harry S. Dunmire, of Pittsburgh, Pa., for plaintiff.

Earl Jay Gratz and Ned Stein, both of Philadelphia, Pa., for defendant.

[1] Act of June 10, 1930, c. 436, Secs. 1 to 18, 46 Stat. 531–538, as amended, 7 U.S.C.A. §§ 499a to 499r.

GANEY, District Judge.

This is an appeal by the respondent from an adverse order of the Secretary of Agriculture in a reparation proceeding brought against it under The Perishable Agricultural Commodities Act[1] of 1930, as amended.

Pursuant to Sec. 6 of the Act, 7 U.S.C.A. § 499f, the complainant filed its complaint with the Secretary against the respondent, the principal place of business of which is in Philadelphia, Pennsylvania, claiming a loss of Twelve Hundred and 67/100 Dollars ($1200.67), with interest, because of the alleged rejection without reasonable cause by the latter of a carload of tomatoes in violation of Sec. 2(2) of the Act, 7 U.S.C.A. § 499b(2). The respondent, in addition to denying liability in its answer to the complaint, filed a counterclaim for Eight Hundred Eighty Five and 76/100 Dollars ($885.76) against the complainant. After a hearing was had before an examiner in Philadelphia, the Secretary rendered a decision [2] in favor of the complainant, and included therein the usually preliminary statement, findings of fact, conclusions and an order. The order reads as follows:

"Within 30 days from the date of this order, respondent shall pay to complainant, as reparation, the sum of Twelve Hundred and 67/100 Dollars ($1200.67), with interest thereon at 5 percent per annum from May 7, 1945, until paid.

"The counterclaim is dismissed.

"The facts shall be published.

"Copies hereof shall be served on the parties by registered mail, or in person, and, except as to the date of payment of reparation and as to service on the parties, this order shall become effective 20 days after its date.

"Done at Washington, D. C. this 6th day of August, 1947.

"Secretary's File Room
  "(Signed)   Thomas J. Flavin
                  "Judicial Officer."

A copy of the decision was received by the respondent by registered mail on

[2] 6 A.D. 788.

August 11, 1947. On September 8, 1947, after more than thirty days had elapsed from the date of the order, the respondent filed this appeal.

■ The complainant has moved to dismiss the appeal on the ground that it was not filed within the thirty day period required by section 7(c) of the Act, 7 U.S.C.A. § 499g(c). Of course, if the appeal is not timely, this court has no jurisdiction to entertain it. Shreiner v. Farmers Trust Co., 3 Cir., 91 F.2d 606, certiorari denied 302 U.S. 686, 58 S.Ct. 36, 82 L.Ed. 530.

Section 7 of the Act, in part, provides: "Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court of the United States for the district in which said hearing was held * * *." The complainant contends that the expression "the date of such order" in the above section means the date appearing on the face of order which is the date the Secretary's decision was rendered. In support of its appeal, the respondent maintains that the expression refers to the effective date of the order, which in this particular case would be August 26, 1947, with respect to the order dismissing the counterclaim, and September 5, 1947, with respect to the order for the payment of money.

■ We think the meaning urged by the complainant is the one which the framers of the Act had in mind when they passed the Act. Aiding us in the choice between the two possible meanings is section 10 of the Act, 7 U.S.C.A. § 499j, which states: "Any order of the Secretary under this chapter *other than an order for the payment of money* shall take effect within such reasonable time, not less than ten days, as is prescribed in the order * * * Any such order of the secretary, if regularly made, shall be final, unless before *the date prescribed for its taking effect* application

is made to a court of competent jurisdiction by the commission merchant, dealer, or broker against whom such order is directed to have such order set aside or its enforcement, operation, or execution suspended or restrained." This section specifically declares that unless relief is sought in a proper court prior to the "date prescribed for its taking effect," the order of the Secretary shall be final. This is an indication that Congress was aware of the distinction between the date of the order and the date prescribed for its taking effect, and that such terms were not to be used interchangeably in the Act. Even though an order of the Secretary is made effective subsequent to the date of the order it will not affect the running of the time in which an appeal might be taken to a Federal district court. Thus, an order, as far as the Department of Agriculture is concerned, may become final even though the time for taking an appeal has not elapsed.

■ That the respondent received notice of the order on August 11, 1947, five days after it was made will not help it. The Act does not require that the Secretary shall give notice to the parties or that the time for filing an appeal shall begin to run from the receipt of such notice. Consequently a duty is cast upon the litigants to watch the progress of their case. See Commissioner of Internal Revenue v. Realty Operators, 5 Cir., 118 F.2d 286. Any notice of the disposition of the case by the Secretary to the parties is purely gratuitous. The Federal Rules of Civil Procedure, as amended, 28 U.S.C.A. following section 723c, do not affect the time prescribed for instituting proceedings in this court to review an order of the Secretary. See Login Corporation v. Boltner, N.D.S.D.Cal., 74 F.Supp. 133; W. H. Lailer & Co., Inc. v. C. E. Jackson Co., D.C.Mass., 75 F.Supp. 827.

Accordingly the appeal is dismissed for want of jurisdiction.