TRI-STATE MILLING COMPANY, Appellant v. BOARD OF COUNTY COMMISSIONERS FOR PENNINGTON COUNTY, Respondent

(68 N. W.2d 104)

(File No. 9436. Opinion filed January 7, 1955)

**H. R. Hanley, John M. Costello, and James H. Wilson,** Rapid City, for Plaintiff and Appellant.

**Robert W. Gunderson,** State's Atty. for Pennington County, Rapid City, for Defendant and Respondent.

BANDY, Circuit Judge. The Board of County Commissioners of Pennington County invited the submission of bids to furnish Ester type 2-4-D containing 1,500 pounds of acid. Five bids were received, ranging from the appellant's offer to furnish 1,504 pounds of acid equivalent for $1,480.50, to a high bid of $1,752.00. The offers varied as to the acid concentration of the liquid to be furnished. The Commissioners accepted the bid of M. L. Warne to furnish 1,503 pounds of acid equivalent in a weaker concentration for $1,503.

The Tri-State Milling Company appealed to the circuit court under the provisions of the first paragraph of SDC 12.0618:

"From all decisions of the board of county commissioners upon matters properly before it, there shall be allowed an appeal to the Circuit Court by any person aggrieved * * * ."

It is the established law of this state that this Court will, sua sponte, determine whether the lower court had jurisdiction. Danforth v. City of Yankton, 71 S.D. 406, 25 N.W.2d 50.

By the express provisions of the quoted statute the right of appeal is limited to a "person aggrieved". As was pointed out in Holmes v. Miller, 71 S.D. 258, 23 N.W.2d 794, 796:

"A grievance which a person might suffer simply as an elector or taxpayer is not such a grievance as the statute contemplates. The appellant must show a personal, peculiar or individual interest in the decision of the board to maintain his right to appeal."

The question, critical as to the jurisdiction of the circuit court, is has the appellant shown itself to be a "person aggrieved"? We think that it has not.

"In its broadest signification, the word 'aggrieved' as used in law books means: 'One who is injured in a legal sense; one who has suffered an injury to person or property.' " In re Donnelly's Estate, 55 S.D. 426, 226 N.W. 563, 565.

██ ██ The requirement that contracts shall be let to the lowest responsible bidder is intended for the protection of the public rather than that of the bidders. No legally enforceable right vested in the appellant merely because it was ostensibly the lowest bidder. Colorado Paving Co. v. Murphy, 8 Cir., 78 F. 28, 23 C.C.A. 631, 37 L.R.A. 630; and see also In re McCain, 9 S.D. 57, 68 N.W. 163.

It follows that the Tri-State Milling Company was not a "person aggrieved" and the circuit court did not have jurisdiction of the appeal and should have granted the motion to dismiss the same as made by the respondent at the close of appellant's case and thereafter renewed at the conclusion of the trial.

The circuit court having entered its judgment dismissing the appeal and that being the correct judgment, the same will be affirmed. See cases cited SDC Vol. 4, page 365.

All the Judges concur.

BANDY, Circuit Judge, sitting for LEEDOM, P. J., disqualified.