**SOUTHLAND MANUFACTURING COR-PORATION, Petitioner,**

v.

**SECRETARY OF LABOR, Respondent.**
**No. 19219.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 18, 1965.

Decided Dec. 7, 1965.

Petition for Rehearing En Banc and/or Petition for Rehearing before the Division Denied Jan. 17, 1966.

Mr. Robert F. Rolnick, Washington, D. C., for petitioner. Messrs. Marshall E. Miller, Washington, D. C., and Orlando J. Antonsanti, San Juan, P. R., also entered appearances for petitioner.

Mr. Robert E. Nagle, Attorney, Department of Labor, with whom Mr. Charles Donahue, Solicitor of Labor, Miss Bessie Margolin, Associate Solicitor, and Miss Helen B. Willette, Attorney, Department of Labor, were on the brief, for respondent.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

Our jurisdiction to entertain this petition to review a minimum wage order issued under Section 8 of the Fair Labor Standards Act, 29 U.S.C. § 208, derives solely from Section 10 of the same statute. The latter provides that any person aggrieved by such an order may obtain review of it here by filing a petition in this court "within 60 days after entry of such order." Petitioner has been met at the threshold with a motion to dismiss, which points out that (1) the order in question was signed by the Administrator of the Wage-Hour Division on December 23, 1964, and published in the Federal Register on December 30, 1964; (2) the petition to review it was filed in this court on March 12, 1965; and (3) even if the later publication date be taken as the date of entry of the order within the meaning of the statute, the filing date of the review petition is appreciably in excess of 60 days thereafter, thereby destroying our jurisdiction. There being no dispute about these dates as so represented, we think the motion exposes an insuperable jurisdictional defect; and we dismiss the petition without reaching the merits.

The order purported by its terms to make its wage recommendations effective January 15, 1965; and this has caused petitioner to argue that this is to be taken as its date of entry. It is said that this is not only a proper construction of "entry," but also that this must be so because, until the increased wage rate became payable, no one could be "aggrieved." But this reading of the statute is highly strained and is not in accordance with the assumptions upon which the courts, including this one, have been proceeding.[1] We are persuaded that the order in suit here was entered, for purposes of judicial review, no later than the date of its publication in the Federal Register. See American Fruit Growers, Inc. v. Lewis D. Goldstein Fruit & Produce Corp., 78 F.Supp. 309 (E.D.Pa. 1948).

Neither does the action of petitioner in filing, just prior to March 1, 1965, a request for reconsideration with the Secretary of Labor enlarge the prescribed statutory period. Section 10 does

---

1. For example, the records in Red Star Mfg. Co. v. Grimes, 95 U.S.App.D.C. 244, 221 F.2d 524 (1954), and Opp Cotton Mills v. Administrator, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624 (1941), show that the petitions for review in those cases were entertained even though they were filed several days before the effective dates of the wage orders.

not require this to be done as a condition precedent to judicial review. Not even the departmental regulations make any provision for it, although the executive branch could not, in any event, relax the requirements of the Congress on this score. Petitioner did not really think so either, because its petition was filed in this court on March 12—long before it had any response to its request for reconsideration.

The motion to dismiss for want of timely filing is granted; and the petition is

Dismissed.