HALL, Appellant-Respondent, v. SALEM INDEPENDENT
SCHOOL DISTRICT NO. 17, McCOOK COUNTY,
Respondent-Appellant
(217 N.W.2d 160)
(File No. 11378. Opinion filed April 25, 1974)

Troy Jones, Pierre, for appellant-respondent.

Lammers, Lammers & Kleibacker, Madison, for respondent-appellant.

BIEGELMEIER, Chief Justice.

After proceedings held pursuant to, and due compliance with, SDCL 13-43-9.1 through 13-43-10.1, the school board of Salem Independent School District (hereafter District) indicated its intention not to renew the contract of Rodney Hall (hereafter referred to as Hall) as Elementary Principal for the 1973-74

school year, and on March 27, 1973, made a final decision not to so rehire him. He was notified in writing of that decision by certified mail, which decision was received by him on March 28, 1973.

By notice of appeal dated June 19, 1973, signed by Hall's attorney directed to the District, Hall gave notice of appeal to the circuit court from the March 27, 1973, decision rendered by the school board. This notice with a bond for $100 was filed with the clerk of courts of McCook County on June 20, 1973. However, copies necessary to be served on the school board were mailed to the sheriff of another county where a similar action was pending. When the mistake was discovered on June 25, 1973, as an affidavit on behalf of Hall relates, instead of seeing that the papers were served that day "rather than take the chance that June 26 might be the 91st day of service", it was nevertheless decided to serve the notice on June 26, 1973, and the notice was so served.

The District promptly made a motion in circuit court to dismiss the appeal on the ground that it was not taken within the time provided by law. The motion was denied by the court. The District gave notice of appeal from that order, and this Court granted its petition for allowance of appeal from that intermediate order. By both court order and the cooperation of counsel the appeal has been expedited for early consideration and decision on the record and briefs submitted to this and the trial court.

The sole question is whether the appeal was taken within the time allowed by law. SDCL 13-46-1 provides:

> "From a decision made * * * by any school board * * * an appeal may be taken to the circuit court by any person aggrieved * * * within ninety days after the *rendering* of such decision." (emphasis supplied)

SDCL 13-46-3, omitting requirements of filing the notice and bond, directs that:

> "Such appeal shall be taken by serving a notice of appeal upon * * * a school board * * * Such notice must clearly and concisely state the decision * * * appealed from."

SDCL 15-6-6(a) provides:

> "In computing any period of time prescribed or allowed by * * * any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included (unless a Saturday, Sunday or holiday, not here applicable)."

While this definition was adopted by Supreme Court Order, effective July 1, 1966, it but restates the former and long-standing definition. See SDC (1939) 65.0403 and § 10665 of the Revised Code of 1919.

▌ Computing the time under the definition, March 27, 1973, the date the final determination was made, is excluded, leaving four days in March, thirty days in April, thirty-one days in May and twenty-five days in June, for a total of ninety days within which an appeal could be served to comply with the ninety-day requirement of SDCL 13-46-1. Compliance with the ninety-day requirement not having been made, the circuit court acquired no jurisdiction and should have granted the motion to dismiss the appeal.

▌ While it does not affect the ninety-day time period in which an appeal may be taken under SDCL 13-46-1, it cannot be said the action of the school board was unexpected. To detail the proceedings, the record shows that on February 12, 1973, the school board by resolution directed notice by certified mail to be given Hall of its intention not to renew his contract for the 1973-74 school term. Evidently, guided by SDCL 13-43-10,[1] the school board by letter of that date notified Hall of its intention.

---

1. "13-43-10. *Date of notice of board's intention not to renew contract — Failure to give notice as offer to renew — Change of terms by mutual agreement.* — Any teacher who has been employed by any board of education of any school district in this state for at least two successive years shall be notified in writing by the board of education on or before the first day of April of the current year of the board's determination not to renew the teacher's contract for the ensuing school year, and failure to give such written notice on or before said date shall constitute an offer on the part of the board to renew the contract for the ensuing school year under the same terms and conditions as the contract for the then current year. Different terms and conditions may be mutually agreed upon by the board and teacher at any later time."

The letter was sent by certified mail and was receipted for by him. On February 21, 1973, in response to this notice, Hall, as permitted by SDCL 13-43-10.1, requested in writing that his personal evaluation file be made available to him for review, that he be advised in writing of all the reasons upon which the intention not to renew his contract were based, and that he be afforded an informal, private conference at a time he suggested. By letter of February 28, 1973, Hall was again advised that the school board had by unanimous vote passed a resolution of its intention not to renew his contract; it also fixed a time and place for the meeting requested and stated the reasons for its intention not to rehire. The letter enclosed his personal evaluation file, which covers six pages in the record. One entry therein indicates a February 3, 1973 meeting concerning his resignation. The minutes of the March 12, 1973 meeting show another resolution that Hall's contract not be renewed for the 1973-74 term and that he be notified by certified mail. Pursuant to this resolution, by letter of the same date, Hall was sent such notice by certified mail. In a letter dated March 19, 1973, Hall wrote the school board that "Pursuant to SDCL 13-43-10.1[2] I hereby request a formal hearing * * * regarding [the board's] decision", etc., and stated he would have legal counsel present. Again he suggested a time for the meeting. By letter dated March 20, 1973, the school board granted his request for the meeting and fixed the

---

2. "13-43-10.1. *Hearing on determination not to renew contract—Evaluation file available—Appeal.*—Any teacher to whom notification has been given as provided in SDCL 13-43-10, may within seven days after receipt of the same, request in writing a hearing before the board, meeting in executive session, at which hearing the board shall state the reasons for its determination. Further, upon request of the teacher, the board, as soon as practicable and in advance of any such hearing, shall make available to the teacher for review his personal evaluation file and shall advise him in writing of the reasons upon which said notification is based. All statements made or evidence presented at any hearing in executive session will be deemed privileged communications. Such hearing shall be held by the board within seven days after receipt of such request for a hearing. At such hearing the teacher and the board each upon two days' notice in writing to the other party may have counsel present and shall have full opportunity to present all relevant evidence. After considering all the relevant evidence the board shall sustain or revoke its original determination. Written notice of the final determination shall be delivered to that teacher within seven days after the hearing. The ultimate determination of the board shall be final. A teacher aggrieved by such final determination shall have the right of appeal therefrom as provided in SDCL 13-46-1."

time and place for it. This letter again stated the reasons for not rehiring him. At the requested meeting on March 27, 1973, the school board, its superintendent and legal counsel met with Hall and his attorney in open and then in executive session, after which the school board passed a resolution to "sustain its original determination not to renew" Hall's contract. By letter dated March 28, 1973, Hall was notified that the school board on March 27, 1973, had voted after the formal hearing to sustain its original determination not to renew his contract for the 1973-74 school term. This was the school board's final determination (SDCL 13-43-10.1, n. 2) from which Hall was allowed ninety days to appeal. The requirement that the school board give written notice of it within seven days did not extend that time.

Middle Creek School District No. 18 v. Butte County Board of Education, 1968, 83 S.D. 107, 155 N.W.2d 450, presented the procedure for appeals from a decision of a county board of education. The court there wrote:

> "An appeal from the decision * * * to the circuit court is governed by the provisions of SDC 1960 Supp. 15.2023 (now SDCL 13-6-89) read together with the statute providing generally for appeals from school board decisions. [3] "

Footnote 3 states:

> "SDC 1960 Supp. 15.2344 (now SDCL 13-46-1) is applicable insofar as it provides the procedure for taking appeals."

The two sections to which the court refers, so far as pertinent to an appeal from a decision of a school board are the same as our present statutes SDCL 13-6-89 and SDCL 13-46-1. The former uses the words "entitled to appeal such decision within ninety days" and the latter uses the words "an appeal may be taken * * * within ninety days after the rendering of such decision." Construing these statutes, the court wrote:

> "An appeal from the action of public officers or boards to the circuit court must be invoked in the manner prescribed by statute. * * * The notices of ap-

peal were not served until after the ninety-day period and consequently review of the validity of the merger decision was not available to an aggrieved party."

 It may be well to examine various appeal statutes to determine what they require and do not require. Appeals from decisions of school boards are not governed by statutes referring to appeals from orders or judgments of courts. Controversies in court are determined by an order or judgment, and an appeal is only allowed from "orders" and "judgments" as defined by RCP 58, infra, and limited by SDCL 15-26-1. A court order or judgment is not complete or effective until it is "reduced to writing, signed by the court or judge, attested by the clerk and filed in his office." RCP 58 (SDCL 15-6-58).

SDCL 15-26-2, relating to an appeal from a court decision, expressly states that the appeal must be taken within sixty days "after written notice of the filing of the order shall have. been given to the party appealing", thus expressly stating when the time for appeal begins as the time when written notice is given of the filing. A board of education or school board, as it is referred to in SDCL 13-5-1, 13-8-1 and other statutes relating to school districts, concludes matters presented to it by a "decision" (SDCL 13-46-1) or "determination" (SDCL 13-43-10 and 13-43-10.1). A school board's decision and determination is made by the adoption of a "resolution". SDCL 13-16-10, 13-16-11, 13-16-18 and SDCL 13-17-2, et al. The record certified by the clerk of the school board pursuant to SDCL 13-46-4 shows the proceedings here involved, and the actions of the board were by resolutions duly made.

To summarize, SDCL 13-46-1 does not state an appeal may be taken within ninety days after written notice is given to an aggrieved person; it does state that an appeal may be taken "within ninety days after the *rendering* of such decision." (emphasis supplied). Definitions of render in the sense there used mean to "state or deliver", Webster's New International Dictionary, Second Edition, or to "pronounce formally", American Heritage Dictionary (1969). SDCL 13-8-33 settles this by providing:

"* * * All official acts of a school board relative to motions or resolutions passed at board meetings become effective at the time of such passage unless otherwise expressly provided therein."

See Hanson v. Harrisburg Ind. School District, 86 S.D. 42, 56, 190 N.W.2d 843, 851.

While we regard our Middle Creek School District No. 18 decision, supra, construing the statutes involved here as controlling, attention is called to an opinion involving a statute requiring an appeal from an award of a Workmen's Compensation Board to be filed within twenty days of its rendition where the court held the date of the award was the date of its rendition and the appeal was not timely taken. Carnahan Oil & Refining Co. v. Miller, 232 Ky. 78, 22 S.W.2d 430. Cf. American Fruit Growers, Inc. v. Lewis D. Goldstein F. & P. Corporation, D.C.Pa., 78 F.Supp. 309.

The circuit court should have granted the District's motion to dismiss the appeal, and the order denying the motion is reversed and the proceeding is remanded to the circuit court for further proceedings.

WINANS and WOLLMAN, JJ., concur.

DOYLE and DUNN, JJ., dissent.

DOYLE, Justice (dissenting).

The sole question before the court is at what point does the appellant's time for appeal begin to run. The majority holds that an appeal must be taken within ninety days after the school board has rendered its decision. I cannot agree. This holding totally disregards SDCL 13-43-10.1, which in applicable part provides:

"Written notice of the final determination shall be delivered to that teacher within seven days after the hearing. The ultimate determination of the board shall be final. A teacher aggrieved by such final determination shall have the right of appeal therefrom as provided in SDCL 13-46-1."

It is my opinion a teacher must first receive the written notice as the above statute requires before the ninety-day time for appeal begins to run. Under the rationale of the majority opinion, a school board could conceivably dismiss a teacher in executive session, give no written notice as required by SDCL 13-43-10.1, wait until ninety days have elapsed, notify the teacher of its decision and the teacher could never have a court hearing on the fact that no written notice was ever given under SDCL 13-43-10.1! I cannot believe this was the intent of the legislature. SDCL 13-43-10.1 and SDCL 13-46-1 are in pari materia and must be considered together to the end of having a harmonious and consistent body of law. In plain words, these two statutes must be construed so they make sense.

Furthermore, as I understand the majority opinion, it attempts to justify the result reached in the pretext the appellant was well aware of the actions of the school board. This is wholly immaterial in that SDCL 13-43-10.1 mandates that written notice be given.

I am authorized to state that Justice DUNN joins in this dissent.