HENSLEY, Appellant v. YANKTON IND. SCHOOL DIST. NO. 1, et al., Respondents

(227 N.W. 2d 441)

(File No. 11373. Opinion filed March 27, 1975)

Patrick J. Kirby, Mitchell, and John W. Keller, Chamberlain, for plaintiff and appellant.

Doyle, Bierle & Hagerty, Yankton, for defendants and respondents.

DUNN, Chief Justice.

In this case the plaintiff, Mary Hensley, requested relief from two separate actions of the Yankton Independent School District. She sought relief under the teachers' continuing contract law (SDCL 13-43-9.1 through 13-43-10.1), and also sought relief for defendants' action in terminating her contract of employment for cause on April 25, 1972, under SDCL 13-43-15. Relief was denied by the trial court, and plaintiff appeals. We affirm.

The record indicates that plaintiff had been having troubles throughout the school year, and she had been advised orally and by correspondence of the areas of concern of her classroom

conduct. Finally, on March 10, 1972, she received the statutory notice under SDCL 13-43-9.1 from the superintendent of schools of his intention not to recommend renewal of her teaching contract for the 1972-1973 school year. On March 14, 1972, plaintiff received notice from the Yankton Independent School Board of Education that her contract would not be renewed.

Plaintiff did not request a statutory hearing under SDCL 13-43-10.1. She did request a hearing before the Teachers' Welfare Committee of the Yankton Education Association, and this hearing was granted. A full hearing was held wherein plaintiff was present and also represented by legal counsel. Three different sessions were held where testimony was taken and documentary evidence received. At the conclusion of the hearings, the Teachers' Welfare Committee unanimously supported the board's action. In the meantime, close supervision of the plaintiff's classroom indicated no improvement. On April 19, 1972, plaintiff wrote the board and demanded that her contract be renewed pursuant to SDCL 13-43-9.1 because the notice given to her did not follow the dictates of the statute. On April 25, 1972, the board met in emergency session and terminated the employment of plaintiff for cause under SDCL 13-43-15.

The letter of March 14, 1972, formally notified plaintiff of the decision of the school board. SDCL 13-46-1 provides that appeal from a school board decision must be taken within ninety days. At the latest, the ninety-day period began to run against the plaintiff upon completion of the hearing before the Teachers' Welfare Committee. Since plaintiff did not commence this action until July 22, 1972, she is not entitled to judicial review of the school board's decision not to renew her contract. Hall v. Salem Ind. Sch. Dist. No. 17, McCook County, 1974, 88 S.D. 202, 217 N.W.2d 160.

The second contention of the plaintiff that the firing on April 25, 1972, was without due process and an arbitrary action of the board is also without merit. Subsequent to her discharge for cause under SDCL 13-43-15, plaintiff did not seek a hearing before the school board. She chose to take her case to the circuit court. That court found that cause for discharge did exist, and plaintiff does not assign that finding as error.

■ Plaintiff argues, however, that she was denied procedural due process by the failure of the board to provide some kind of hearing prior to her discharge. We recognize that some kind of pre-termination hearing is required by due process in order to discharge a tenured teacher for cause. Board of Regents v. Roth, 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, and Boddie v. Connecticut, 1971, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113. We hold that the hearing before the Teachers' Welfare Committee, requested by the plaintiff, satisfied the demands of due process in this case.

The United States Supreme Court has addressed itself to the issue of what due process requires as to the form of such a hearing. Goldberg v. Kelly, 1970, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287. In Goldberg, the court held that a state may not terminate payments to a welfare recipient without some form of notice and hearing. Plaintiff here has a similar protectible property interest in her employment. The court found that the hearing must be held at a meaningful time and in a meaningful manner; notice must be timely and adequate; opportunity to confront adverse witnesses and to present evidence and argument should be extended; participation by counsel must be permitted; the decision maker should be impartial and should not have participated in making the determination under review; the decision maker's conclusions must rest solely on legal rules and evidence presented at the hearing; the reasons for the decision should be informally stated; and evidence used to prove the government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.

■ Keeping in mind that "due process is not a rigid formula or simple rule of thumb to be applied undeviatingly to any given set of facts," Hagopian v. Knowlton, 1972, 2 Cir., 470 F.2d 201, and that plaintiff herself chose this forum, we are satisfied that the hearing before the Teachers' Welfare Committee materially complied with the requisites of due process. The issue before the Committee was plaintiff's incompetence; both the board and the plaintiff were represented and both presented evidence and aired their arguments. Plaintiff was notified of the charges against her. She was allowed to review her official file and had sufficient time to prepare a defense. Plaintiff herself chose the tribunal and this

Committee had taken no part in the original decision. The Committee relied on the evidence presented while concurring in the findings of the school board. Plaintiff's contention that the firing was in retribution for her letter of April 19, 1972, demanding her rights is without support in the record. There was no denial of due process under the circumstances of this case.

The judgment of the trial court is affirmed.

All the Justices concur.