Lavonne **HARDY**, Plaintiff
and Appellee,

v.

**WEST CENTRAL SCHOOL DISTRICT # 49–7, and its Board of Education, Defendant and Appellant.**

No. 17457.

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1991.

Decided Dec. 24, 1991.

Dennis C. Mc Farland of Mc Farland & Nicholson, Sioux Falls, for plaintiff and appellee.

Marvin K. Bailin and James A. Hertz of Christopherson, Bailin & Anderson, Sioux Falls, for defendant and appellant.

AMUNDSON, Justice.

West Central School District (District) appeals trial court's grant of partial summary judgment in favor of Lavonne Hardy (Hardy), and its damage award, for District's nonrenewal of Hardy's teaching contract. We dismiss the appeal and vacate the trial court's judgment.

Hardy, a tenured teacher, was notified by District's superintendent on March 5, 1986, of his intent to recommend nonrenewal of her teaching contract. On March 24, 1986, District's Board of Education (Board) voted unanimously not to renew Hardy's contract. Hardy was notified of this decision March 26, 1986, and did not pursue the appeal procedure set out at SDCL 13–43–10.1. Hardy served notice of appeal to circuit court on District on June 23, 1986, and filed the notice with the clerk of courts on June 24, 1986. The trial court granted partial summary judgment in favor of Hardy and, following a trial on damages, awarded her approximately $63,567 in back wages and lost retirement benefits, and ordered her reinstated to her position. We issued an order to show cause on October 29, 1991, and have considered both Hardy's and District's responses to the order.

## ANALYSIS

This court generally has a duty to determine whether the trial court has jurisdiction over a matter as a condition precedent to its right to decide the issues involved. *Long v. Knight Const. Co., Inc.,* 262 N.W.2d 207 (S.D.1978); *Sioux City Boat Club v. Mulhall,* 79 S.D. 668, 117 N.W.2d 92 (1962). Even if none of the parties have challenged jurisdiction, this court will, sua sponte, determine whether the lower court had jurisdiction. *Estate of Putnam,* 254 N.W.2d 460 (S.D.1977); *Shryock v. Mitchell Concrete Products, Inc.,* 87 S.D. 566, 212 N.W.2d 498 (1973); *Tri–State Milling Co. v. Board of County Comrs., Pennington County,* 75 S.D. 466, 68 N.W.2d 104 (1955). In the present case, although none of the parties challenged the circuit court's jurisdiction, we find it necessary to make a sua sponte determination.

Hardy appealed Board's decision not to renew her contract pursuant to SDCL 13–46–1, which provides in pertinent part: "From a decision made by any school board ... an appeal may be taken to the circuit court by any person aggrieved ... within ninety days after the rendering of such decision...."

SDCL 13–8–33 states: "All official acts of a school board relative to motions

or resolutions passed at board meetings become effective at the time of such passage unless otherwise expressly provided therein." We have previously held that the ninety-day period for appeal under SDCL 13–46–1 begins from the date of the school board's decision, not from the date the aggrieved party received notice of that decision. *Hall v. Salem Ind. Sch. Dist. No. 17, McCook County,* 88 S.D. 202, 206, 217 N.W.2d 160, 162 (1974) (wherein we held that a principal's appeal from the school board's determination not to renew his contract should have been dismissed where notice of appeal was served on ninety-first day). *See also Hensley v. Yankton Ind. Sch. Dist. No. 1,* 88 S.D. 670, 227 N.W.2d 441 (1975); *Murray v. Sioux Falls Board of Education,* 88 S.D. 554, 225 N.W.2d 589 (1975).

The notice of appeal filed and served by Hardy inaccurately reflects March 26, 1986, as the date of Board's decision, when it is actually the date she received notice of Board's decision. Pursuant to our holding in *Hall,* it should have reflected March 24, 1986, the actual date of Board's decision. Accordingly, Hardy had ninety days from March 24 to file and serve her notice of appeal. The last day upon which Hardy could file and serve was June 23, 1986.\* While she served District's attorney on June 23, 1986, she did not file the notice of appeal until June 24, 1986; a day late due to the inaccurate designation of the effective date of Board's decision.

 It is settled law in South Dakota that failure to timely file a notice of appeal as prescribed by statute is a jurisdictional flaw requiring dismissal of the appeal. *Stark v. Munce Bros. Transfer & Storage,* 461 N.W.2d 587 (S.D.1990) (Henderson, J., dissenting); *Western States Land v. Lexington Ins.,* 459 N.W.2d 429 (S.D.1990); *Kulesa v. Department of Public Safety,* 278 N.W.2d 637 (S.D.1979); *Madsen v. Preferred Painting Contractors,* 89 S.D. 397, 233 N.W.2d 575 (1975). In *Western States Land,* we stated: "[F]ailure to timely serve

and file the notice of appeal is jurisdictionally fatal to an appeal's validity[.]" 459 N.W.2d at 432.

In this case, Hardy failed to file her notice of appeal within ninety days from the time the decision was rendered by the Board. This failure to timely file the notice of appeal is jurisdictionally fatal to Hardy's appeal from Board's decision. For the reasons stated herein, we hold the trial court never possessed subject matter jurisdiction over Hardy's suit and should have dismissed her appeal.

Accordingly, this appeal is dismissed and the judgment of the trial court is hereby vacated.

MILLER, C.J., and HENDERSON, WUEST and SABERS, JJ., concur.

---

\* The actual ninetieth day was June 22, 1986, a Sunday and, pursuant to SDCL 15–6–6(a), she then had one more day.