**AMERICAN TOTALISATOR COMPANY, INC. and General Instrument Corporation, Plaintiffs and Appellees,**

v.

**SOUTHERN DAKOTA RACING CLUB, INC., Defendant and Appellant.**

**No. 17913.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 16, 1992.

Decided June 9, 1993.

Rehearing Denied July 15, 1993.

---

Rick W. Orr and Catherine A. Tanck of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiffs and appellees.

Jeremiah D. Murphy, Michael S. McKnight and Kristine L. Kreiter, Legal Intern of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendant and appellant.

MARTIN, Circuit Judge.

This is an appeal from a trial court judgment finding in favor of plaintiffs regarding an alleged breach of contract between the parties. In determining the alleged breach the trial court was asked to determine whether certain taxes assessed by the Department of Revenue of the State of South Dakota were in fact actually owed to the State of South Dakota. We reverse and remand to the circuit court with directions.

## FACTS

Defendant, Southern Dakota Racing Club, Inc., (Sodrac) owns and operates a race track in North Sioux City, South Dakota, where it conducts parimutuel wagering on dog races. Sodrac entered into an agreement with Acutote Corporation (Acutote), by which Acutote would provide totalisator services for Sodrac. (Acutote subsequently assigned all of its rights and interests in this agreement to General Instrument Corporation. Sodrac consented to this assignment.) These services consisted of providing the equipment necessary to automatically total, record, and display the amounts wagered on the races, and to service and maintain the equipment. In return for these services, Sodrac paid plaintiffs a fee based on a formula. Section 9 of the agreement between Sodrac and Acutote provided:

> If at any time during the term hereof any tax or license fee (excluding Federal, State or local income and personal property taxes) shall be payable by ACUTOTE because of the services performed, or the installation, use or maintenance of the System or any part thereof under this Agreement, to the Federal Government, the State in which the premises of SODRAC are located or any City, County or Municipality within that State, SODRAC shall pay an amount equivalent thereto as an additional charge as and when such tax or fee becomes payable; provided, however, ACUTOTE shall be liable for fifty percent (50%) of any taxes levied on the fees paid by SODRAC to ACUTOTE hereunder provided such taxes are enacted subsequent to the effective date of this Agreement. *SODRAC may at its own expense contest the validity of any such tax or fee in the name of ACUTOTE upon furnishing security satisfactory to ACUTOTE for the amount of any tax or fee claimed, including interest or penalty thereon.* ACUTOTE shall use all reasonable efforts to minimize any and all taxes payable because of the services performed, or the installation, use or maintenance of the System or any part thereof pursuant to this Agreement. (Emphasis supplied).

As a result of an audit by the South Dakota Department of Revenue (Department), Department assessed $47,746.17 additional taxes against plaintiffs for the period of June 1985 through August 1988. Plaintiffs paid this tax on December 29, 1989. An additional $8,698.42 tax assessment was levied by the Department for the period of September 1988 through January 1989. Plaintiffs paid this tax on May 28, 1989. In this action plaintiffs sought reim-

bursement from Sodrac in the amount of $56,444.42 together with prejudgment interest and attorney's fees and costs.

The parties stipulated to the issue to be decided by the trial court: whether the taxes at issue were owed to the State of South Dakota or, stated another way, whether SDCL 42-7-89 is applicable to the taxes at issue.

A review of the court file reflects that in the plaintiffs' request for admissions the plaintiffs requested that the defendant:

Admit that Section 9 of the Contract entered on or about December 14, 1984, between Acutote Corporation and Southern Dakota Racing Club, Inc., provided that Southern Dakota Racing Club, Inc., was to reimburse Acutote Corporation "in an amount equivalent" to the taxes or fees paid by Acutote to the federal government, the state in which the premises of Southern Dakota Racing Club, Inc. are located, or any city, county or municipality within that state.

In the defendant's response to the request for admissions defendant stated:

Admit with qualifications. The Contract does provide that Southern Dakota was to reimburse Acutote Corporation in an amount equivalent to the taxes paid by Acutote, however, it also provided that Sodrac may contest the validity of any such tax or fee in the name of Acutote upon furnishing security satisfactory to Acutote for the amount of any tax or fee claimed including interest and penalty thereon. Additionally, "Acutote shall use all reasonable efforts to minimize any and all taxes payable because of the services performed of the installation, use or maintenance of the system or any part thereof pursuant to the agreement." It is Defendant's position that no tax was owed the State or Plaintiff due to the provisions of SDCL 42-7-89 which provide that the payments paid to the State of South Dakota on account of the operation of parimutuel facilities to be made by the licensee (the Defendant herein) to the State Treasurer "are in lieu of all other and further excise or occupational taxes to the State, County, Municipality or other political subdivision." In other words, the tax had already been paid.

The plaintiffs also asked the defendant to:

Admit that despite repeated requests for payment by Plaintiffs, Defendant has failed and refuses to pay the amount due and is, therefore, in breach of its contractual obligations to Plaintiffs.

In the response to the request for admission the defendant stated:

Deny. Defendant admits that the repeated request for payment have been made and the Defendant has failed to refused to pay the amount demanded, but, it is not a breach of its contractual obligation to Plaintiff in view of the fact that Plaintiffs have not carried out their part of the bargain which would be a condition precedent to the payment, notifying the Defendant and giving the Defendant an opportunity to resist in a timely and effective manner the payments demanded. All as explained in Response Number 3 above. Defendant is *currently litigating* the "in lieu of" payments with the Department of Revenue before this court and it should be allowed to conclude that to determine if any money is owed the State or Plaintiff. (Emphasis supplied).

On December 18, 1990, the defendant filed a motion to stay or consolidate which said:

Defendant Southern Dakota Racing Club, Inc., hereby moves this Court for an order staying this proceeding pending resolution of the appeal in Civ. 89-147 or, alternatively, that Civ. 89-147 be consolidated with this proceeding to resolve the common question of whether or not taxes are actually owed the State of South Dakota. In support of this motion Defendant relies upon its brief filed in opposition to Plaintiffs' motion for summary judgment, the entire file and record herein, and the entire file and record in Civ. 89-147, of which Defendant requests that the Court take judicial notice.

Defendant also filed a document entitled "Objection to Certificate of Readiness for Trial" which provided, in part:

This case is not ready for trial and all pre-trial motions have not been made or disposed of. Defendant is filing simultaneously with these objections a motion to stay this proceeding, or alternatively consolidate, pending resolution of the administrative appeal in Civ. 89–147. As this Court recognized in denying Plaintiffs' motion for summary judgment, there is a question as to whether the taxes at issue here are actually owed to the State of South Dakota. The issue of whether the taxes are actually owed is one more properly resolved in Civ. 89–147 because *the Department of Revenue is a party to that action* but not a party here.

Defendant, therefore, requests that the trial in this matter not be scheduled until final resolution of the appeal in Civ. 89–147 or, alternatively, that the two proceedings be consolidated to resolve the common question of whether or not the taxes are actually owed. (Emphasis supplied).

The trial court denied defendant's motion to stay or consolidate and overruled defendant's objections to the certificate of readiness. The matter was set for trial.

The record shows that Civil 89–147 between this defendant and the Department of Revenue, is still pending and was in litigation prior to the present action. Therefore it appears that there are two actions pending regarding the same legal question.

4 C.J.S. *Appeal and Error* § 27 (1957) provides, in part:

A cause brought before one appellate court cannot, while such proceeding is pending, also be brought before another, unless the different proceedings relate to different issues, or there is uncertainty as to the proper tribunal.

\*    \*    \*    \*    \*    \*

Appellate review cannot be had where a remedy for the same errors has been sought in the lower court by a pending valid proceeding, but appellate review will not be precluded if the lower court proceeding is void, or is no longer pending.

■ This Court generally has a duty to determine whether the trial court has jurisdiction over a matter as a condition precedent to its right to decide the issues involved. *Hardy v. West Cent. School Dist. No. 49–7*, 478 N.W.2d 832 (S.D.1991); *Long v. Knight Const. Co., Inc.*, 262 N.W.2d 207 (S.D.1978); *Sioux City Boat Club v. Mulhall*, 79 S.D. 668, 117 N.W.2d 92 (1962). Even if none of the parties has challenged jurisdiction, this Court will, sua sponte, determine whether the lower court has jurisdiction. *Hardy, supra; Estate of Putnam*, 254 N.W.2d 460 (S.D.1977); *Shryock v. Mitchell Concrete Products, Inc.*, 87 S.D. 566, 212 N.W.2d 498 (1973); *Tri–State Milling Company v. Board of County Comrs., Pennington County*, 75 S.D. 466, 68 N.W.2d 104 (1955). In the present case, although none of the parties challenged the circuit court's jurisdiction, we find it necessary to make a sua sponte determination.

■ The parties in this action are confronted with whether or not a breach of contract occurred. Whether or not there has been a breach of contract will apparently be determined by whether or not certain taxes assessed by the Department of Revenue are actually owed to the State of South Dakota. The decision regarding this question is presently being addressed in Civil 89–147. The circuit court from which this appeal was taken was asked to determine the same question that was pending on an administrative appeal to circuit court.

We hold the trial court never possessed subject matter jurisdiction over the issue of whether or not the assessed taxes were actually owed to the State of South Dakota. Accordingly, the judgment of the trial court is reversed and the matter remanded with instructions to the trial court to stay further proceedings in this action until such time as the appeal process in Civil 89–147 has run its procedural course. The circuit court can then determine any alleged breach of contract action between these parties.

HENDERSON, J., concurs.

MILLER, C.J., concurs specially with writing.

SABERS and AMUNDSON, JJ., dissent.

MARTIN, Circuit Judge, for WUEST, J., disqualified.

MILLER, Chief Justice (concurring specially).

Despite the persuasive tenor of Justice Amundson's dissent, I am compelled to join the majority writing.

Justice Amundson writes that the majority holding requires the parties to march "down the hill only to have them march up again[.]" I must point out, however, that the march up this hill was in progress before this action was begun. That hill, or rather, that question (whether taxes assessed by the Department of Revenue are actually owed to the State) is precisely the same as the question presented here, albeit by different plaintiffs.

Under the facts of this case, the *prior unresolved action* on this question deprives the lower court, and therefore this Court, of jurisdiction to consider the *same* question.

Were we to follow Justice Amundson's rationale, and the resultant simple resolution of this appeal, we would appear to invite duplicitous litigation. That surely is something we should never do!

SABERS, Justice (dissenting).

I join the dissent of Justice Amundson.

It seems clear that the trial court had jurisdiction because the action involved claimed breaches of contract between Plaintiffs and Defendant SODRAC. SODRAC appealed an adverse final judgment basing jurisdiction on SDCL 15–26A–3. Plaintiffs conceded same as their brief states: "Jurisdiction is based upon SDCL 15–26A–3(1)."

While there may be some merit in staying this action until the action between SODRAC and the Department of Revenue is resolved, it is not a matter of jurisdiction. The authority cited by the majority opinion is facially inapplicable here because different parties and issues are involved. Obviously, SODRAC's action with the Department of Revenue is not going to determine "whether or not ... breach[es] of contract occurred." In fact, all of the issues between these parties in this case must be decided whether or not SODRAC's action with the Department of Revenue results in a determination of tax, whatever the amount. I cannot see where this "invite[s] duplicitous litigation."

AMUNDSON, Justice (dissenting).

The stipulated issue in this case was whether or not taxes were owed to the State of South Dakota. The trial court found on the stipulated record as follows:

Although the Certificate of Assessment lists the type of tax as use tax and SDCL 10–59–8 deems the Certificate of Assessment as prima facie correct, this presumption has been overcome by the Plaintiff. The record is replete with evidence that the tax assessed was for sales tax: the Certificate of Assessment says the reasons for the assessment are "unreported charges for *service* performed in South Dakota" (Emphasis added); Taxation of services is covered by SDCL ch. 10–45, specifically 10–45–4, the Retail Sales and Service Tax chapter, and the Audit Report indicates that the tax owing is for *service* charges and that the use tax had previously been paid and accepted; and the deposition exhibits from the auditor's file lists the "reason or description" of the tax as "Totalisator Service Charge" and also has S4 or S5 (meaning sales tax of 4% or 5%, respectively) listed in the "Code" column.

It is the opinion of this Court that the assessed taxes were for sales tax, the legal incidence being on Plaintiff, and therefore, since the legal incidence was on Plaintiff in one instance and on Defendant in the other instance (under SDCL 42–7) ... SDCL 42–7–89 does not apply and the taxes were rightfully owed to the State of South Dakota. Thus, Defendant is obligated under the contract to reimburse Plaintiff for the amount paid.

This court only overturns the findings of the trial court when they are clearly erroneous as evidenced by the record on appeal. *In re Proceedings for Deposit in Court,*

417 N.W.2d 187, 188 (S.D.1987). In applying this standard, the reviewing court must be left with a definite and firm conviction that a mistake has been made based on all the evidence in the record. *Wiggins v. Shewmake,* 374 N.W.2d 111, 114 (S.D. 1985).

The trial court found that SDCL 42–7–89 was not applicable to the taxes in issue. What more need be done under the parties' stipulated issue. Therefore, I would affirm the trial court. There seems to be no need to march the parties down the hill only to have them march up again based on this record.