**RICCELLI'S PRODUCE, INC., Appellant,**

v.

**HORTON TOMATO CO., INC., Appellee.**

Civ. No. 94–CV–627.

United States District Court,
N.D. New York.

May 18, 1994.

Stephen P. McCarron, McCarron & Associates, Washington, DC (Steven J. Primo, Primo, Centra Law Firm, Liverpool, NY, of counsel), for appellant.

Horton Tomato Co., Inc., Hermitage, AR, PACA Branch, Fruit & Vegetable Div., Hearing Clerk, U.S. Dept. of Agriculture, Washington, DC, for appellee.

### DECISION AND ORDER

SCULLIN, District Judge:

## I. BACKGROUND

This is an appeal by the appellant Riccelli's Produce, Inc. from an adverse order of the Secretary of Agriculture in a reparation proceeding brought against it under the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a et seq., (hereafter "PACA").

A complaint was filed by Horton Tomato Co., Inc. (hereafter "Horton") against Riccelli's Produce, Inc. (hereafter "Riccelli") before the United States Department of Agriculture for breach of contract to pay for tomatoes supplied to Riccelli by Horton in interstate commerce in the sum of $22,144.80. *See* PACA Docket No. R–93–8. The Secretary of Agriculture rendered a decision and order in favor of Horton and against Riccelli in the amount of $22,144.80 on March 31, 1994. *See* Memo. of Law, Ex. Decision and Order Doc. No. 3. Riccelli filed a notice of appeal on May 13, 1994 and at the same time filed this ex parte motion to extend time for appeal.

## II. DISCUSSION

Section 499g(c) of PACA provides that a notice of appeal must be filed "[w]ithin thirty days from and after the date" of entry of a reparation order by the Secretary of Agriculture. 7 U.S.C. § 499g(c). Rule 81(a)(4) states that the Federal Rules of Civil Procedure do not alter the method prescribed by 7 U.S.C. § 499g(c) for instituting proceedings to review an order of the Secretary of Agriculture. Fed.R.Civ.P. 81(a)(4). Thus PACA controls the time requirements for filing the notice of appeal at issue in this action.

■ Appellant maintains that Rule 4(a)(5) of the Federal Rule of Appellate Procedure permits a district court to extend the time for filing a notice of appeal upon a showing of excusable neglect or good cause. Fed. R.App.P. 4(a)(5). But Rule 20 provides that Rules 3–14 and Rules 22 and 23 are not applicable to review or enforcement orders of agencies. Fed.R.App.P. 20. Moreover, Rule 26(b) states that a court may not enlarge the time prescribed by law for filing a notice of appeal from an order of an administrative agency unless specifically authorized by law. Fed.R.App.P. 26(b).

■ Thus, an appeal to a district court from an order of the Secretary of Agriculture not taken within thirty (30) days from the date of the order must be dismissed for lack of jurisdiction. *See e.g., Golub Corp. v. Andrew & Williamson Sales Co.,* 1993 WL 245582 (N.D.N.Y.) (Munson, Sr., J.); *American Fruit Growers v. Lewis D. Goldstein Fruit & Produce Corp.,* 78 F.Supp. 309, 310 (D.C.Pa.1948).

In the present case, the decision and order of the Secretary of Agriculture was signed on March 31, 1994. An adverse party to this decision had thirty days, from that date, to file a notice of appeal. Appellant, however, filed its notice of appeal untimely on May 13, 1994.

Accordingly, this court lacks subject matter jurisdiction, and it is hereby

ORDERED that appellant's motion to extend time to appeal is denied; and

ORDERED that the appeal is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**