**RAILROAD COMMISSION OF TEXAS, Appellant,**

v.

**R. J. PALMER, Appellee.**

No. 12988.

Court of Civil Appeals of Texas, Austin.

Sept. 5, 1979.

Mark White, Atty. Gen., Ralph T. Aldave, Asst. Atty. Gen., Austin, for appellant.

Dan Moody, Jr., Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellee.

O'QUINN, Justice.

From judgment of the district court setting aside an order of the Railroad Commission directing R. J. Palmer to plug a certain oil well, the Commission appeals on the single point that the trial court erred in ruling that findings of fact made by the Commission were insufficient to support the order.

Appellee Palmer replies by five counterpoints, the final four of which are directed to substantial evidence questions. The trial court based its judgment solely on its determination that the findings of fact were not sufficient to support the order. We will affirm the judgment of the trial court and therefore will not reach appellee's final counterpoints.

Although the parties are not entirely in agreement on the history of the well, for disposition of this appeal the brief facts now stated appear without dispute. The oil well, located in a field in Winkler and Ward Counties, was drilled in 1962, with George O. Shettle and W. M. Conner owning the working interest and Palmer holding an overriding royalty interest. After about sixteen months of operation, the well was plugged in August of 1963, at which time Shettle was the operator. Thereafter, the Commission contends, Palmer as an operator attempted to re-enter the well in September of 1963, which Palmer denies.

More than twelve years later, sometime early in 1976, the Commission claims the well was found open and leaking a small amount of salt water. Thereafter the Commission instituted proceedings to require Palmer to plug the well under provisions of Article 6005, V.A.T.S., now Chapter 89, Texas Natural Resources Code (effective September 1, 1977).

Hearings were held in May and in November of 1976. The Commission found, under its finding No. 3, that the well was properly plugged in August of 1963, following the entry in March of 1962. By findings Nos. 1 and 2, the Commission found that Palmer received authority to re-enter the well, after it had been plugged in August of 1963, and that no completion reports were made. In findings Nos. 4 and 5 the Commission found that the well is open and leaking salt water, and that the leaking threatens fresh water sources in the area.

Upon these findings the Commission concluded that the well was subject to the statute, Chapter 89 of the Code, providing for plugging wells, and that Palmer was the operator and responsible for plugging the well.

The findings of fact under examination do not appear in the Commission's order, made January 24, 1977, directing Palmer to plug the well, and although the Commission adopted the examiner's report, in which the findings were set out, neither the findings nor the conclusions were stated by the Commission in its order. Section 16(b) of Article 6252–13a (Texas Administrative Procedure Act) expressly requires that "A final decision must include findings of fact and conclusions of law, separately stated." Palmer admits that the defect in the order was not asserted in the trial court, and we must assume waiver was intended.

As they appear in the examiner's report, the findings of fact are restated here in full:

## "FINDINGS OF FACT

1. Authority to re-enter the subject well was issued to R. J. Palmer.
2. No completion reports of the re-entry were made.
3. The well was plugged in accordance with Commission regulations when drilled on the re-entry permit to Shettle and Palmer.
4. The well is opened at the present time and leaking salt water.
5. The leaking well constitutes a threat to fresh water sources in the area, either above or below ground."

The trial court entered judgment on November 2, 1978, setting aside the Commission order of January, 1977, and permanently enjoined the Commission from enforcing the order against Palmer. The court remanded the proceeding to the Commission for further action, consistent with the judgment, "including such further hearing as may be appropriate." The court then directed that further decision of the Commission, after additional proceedings, include findings on matters then stated in the court's opinion.

The trial court directed that findings "on the following matters" be included:

"1. As the Railroad Commission has made a finding that the well in question was plugged properly before the time and events on which the Order of January 24, 1977, adverse to Plaintiff was based, the Commission should determine whether any subsequent re-entry activity caused the well to need replugging; and a finding on this issue should be included in the Commission's decision.

"2. If re-entry activity which occurred after the Shettle-Palmer proper plugging did cause the well to need replugging, the Commission should determine whether or not the well was plugged properly after such re-entry activity; and a finding on this issue should be included in the Commission's decision.

"3. If the well was plugged properly after such re-entry activity, the Commission should determine whether the well needs replugging now.

"4. The Commission should determine the time at which the last operation or re-entry activity was abandoned and should determine whether or not Plaintiff was at such time a person who was responsible for the physical operation and control of the well; and findings on these issues should be included in the Commission's decision.

"5. The Commission should again include in its decision a finding or findings as to whether the well is causing or is likely to cause pollution of fresh water above or below the ground."

In behalf of the Commission it is contended on appeal that the findings of the Commission are sufficient to inform Palmer ". . . of the reasons for the Commission's decision ordering him to plug the well." In support of the contention it is argued that the findings ". . . show that the Commission believed that the Appellee had [1] attempted to reenter the well, [2] destroyed the plug in the process, and [3] abandoned the well without replugging it." This argument gives particular emphasis to the failure of the findings to meet the test of sufficiency. None of the three *facts* argued as the basis for, and the reasoning behind, the Commission's order is stated in the findings of fact.

In making findings of fact, the Commission must arrive at the basic facts which must be present to justify application or enforcement of a statute, in this case the statute requiring that a party plug an oil well. As pointed out by the Supreme Court in 1973, "So a fact finding requirement has substantial statutory purpose and is more than a technical prerequisite." *Morgan Drive Away, Inc. v. Railroad Commission*, 498 S.W.2d 147, 150 (Tex.Sup.1973).

Earlier the Supreme Court carefully explained the purpose of a statute requiring findings of fact of the Railroad Commission. In brief, the Court stated that one

purpose was to restrain any disposition on the part of the Commission to enter its order "without a full consideration of the evidence and a serious appraisal of the facts"; another purpose, to inform persons opposing the order of the facts found, "so that they may intelligently prepare and present an appeal to the courts"; and a final purpose "is to assist the courts in properly exercising their function of reviewing the order." *Miller v. Railroad Commission*, 363 S.W.2d 244, 245–6 (Tex. Sup.1962).

More recently, the Supreme Court, citing *Miller*, stated, "The findings should be such that a court, on reading them, could fairly and reasonably say that they support the ultimate findings of fact required for its decision." *Railroad Commission v. Graford Oil Corporation*, 557 S.W.2d 946, 950 (Tex. Sup.1977). The Supreme Court has compared findings of fact to answers of a trial judge or a jury to controlling fact issues in a case. In *Imperial American Resources Fund, Inc. v. Railroad Commission*, 557 S.W.2d 280, 286 (Tex.Sup.1977), the Court observed, "While some of the findings might be more artfully worded, they are substantially as would be expected from a trial judge or a jury in answer *to controlling rather than incidental fact issues.*" (Emphasis added)

After careful consideration of the record, we reach the conclusion that the findings of fact fail to include three essential facts pointed out on appeal by the Commission as matters Palmer ought to know from the Commission's order. Palmer, as a party to this action, obviously would be in a better position to surmise or guess why the Commission acted as it did, but the essential test is what do the findings of fact tell a court in properly exercising its function of reviewing the order?

The reviewing court is not informed, for example, upon reading the findings of fact, whether the Commission found as a fact that Palmer re-entered the well, destroyed the plug in the process, and then abandoned the well without replugging it. Without these findings, essential to holding Palmer responsible under the statute, the order cannot stand.

Having reached this conclusion we find it unnecessary to enter into further discussion of matters already pointed out by the trial court in its findings stated in the judgment. Nor do we reach the final points raised on appeal by Palmer as to whether the order was supported by substantial evidence.

The judgment of the trial court is in all things affirmed.