IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-075-CV





MEADOR-BRADY MANAGEMENT CORPORATION D/B/A PASADENA HONDA AND 
DAVID R. HUBBARD D/B/A GALVESTON HONDA,


 APPELLANTS


vs.





THE TEXAS MOTOR VEHICLE COMMISSION AND GULF COAST SPORTS, INC.


D/B/A INTERNATIONAL HOUSE OF WHEELS,



 APPELLEES


 



SUIT FOR JUDICIAL REVIEW PURSUANT TO 


TEXAS MOTOR VEHICLE COMMISSION CODE


 





PER CURIAM



 Appellants Meador-Brady Management Corporation d/b/a Pasadena Honda and
David R. Hubbard d/b/a Galveston Honda ("Meador-Brady") seek judicial review of a final order
of appellee Texas Motor Vehicle Commission. Texas Motor Vehicle Commission Code, Tex.
Rev. Civ. Stat. Ann. art. 4413(36), § 7.01(a) (Supp. 1992). (1) By its order, the Commission granted the application of appellee Gulf Coast Sports, Inc., d/b/a International House
of Wheels ("Gulf Coast Sports") for a license to sell motorcycles in League City, Texas. See
Code §§ 4.01-.06 (1976 & Supp. 1992). We will affirm the order of the Commission.

 In its first point of error, Meador-Brady asserts that the Commission had no
jurisdiction to grant the motion for rehearing of Gulf Coast Sports because the motion was
untimely. On September 13, 1990, the Commission voted to deny the license application. On
October 2, 1990, the agency sent a final, written order, dated September 13, 1990, to the parties. 
Twenty days later, on October 3, 1990, Gulf Coast Sports filed its motion for rehearing. The
Commission granted the motion and, on December 6, 1990, issued an order granting the license
application.

 At the time of this proceeding, the Code allowed a party to file a motion for
rehearing "[w]ithin 15 days after the date of rendition of any final order or decision." 1989 Tex.
Gen Laws, ch. 1130, § 16, at 4661 (Code § 3.08(h), since amended). (2) Meador-Brady argues that
September 13, 1990, was the "date of rendition" and, therefore, the motion for rehearing was
untimely. Gulf Coast Sports responds that the relevant date is September 28, 1990, the date on
which the final order was "executed."

 In Commercial Life Insurance Co. v. Texas State Board of Insurance, 774 S.W.2d
650 (Tex. 1989), the supreme court addressed a similar question arising under the Administrative
Procedure and Texas Register Act ("APTRA"), Tex. Rev. Civ. Stat. Ann. art. 6252-13a (Supp.
1992). At that time, APTRA required a party to file a motion for rehearing "within 15 days after
the date of rendition of a final decision or order." 1975 Tex. Gen. Laws, ch. 61, § 16(e), at 145
(APTRA § 16(e), since amended). The agency issued a final order on January 29, 1985, but did
not notify the insurance company of the action. Commercial Life filed its motion for rehearing
on February 15, 1985, seventeen days later. Commercial Life Ins., 774 S.W.2d at 651.

 The supreme court determined that § 16(e) must be read with APTRA § 16(b) that
requires an agency promptly to notify parties of its decisions or orders.



In the absence of such notice, the legislature could not have intended section 16(e)
to preclude the parties' right to appeal. Thus, the time period for filing a motion
for rehearing does not commence until the agency complies with its statutory duty
to notify the parties of the order or decision.



Commercial Life Ins., 774 S.W.2d at 652 (emphasis added); APTRA § 16(b) (Supp. 1992). We
conclude that the court's reasoning applies in the instant cause.

 The provisions of APTRA apply to Commission proceedings to the extent that such
provisions do not conflict with the provisions of the Code. Code § 3.09 (Supp. 1992). 
Accordingly, § 16(b) required the Commission promptly to notify Gulf Coast Sports or its
attorney of record of the Commission's decision. Commercial Life Ins., 774 S.W.2d at 652. We
must read § 3.08(h) in conjunction with § 16(b). The relevant date, therefore, is the date the
Commission notified the parties of its order. Id.

 The copy of the final order, included in the record filed in this Court, shows that
a copy was mailed to the parties on October 2, 1990. "A party or attorney of record notified by
mail of a final decision or order as required by this section shall be presumed to have been
notified on the date such notice is mailed." APTRA § 16(b) (Supp. 1992). Accordingly, the
"date of rendition" was October 2, 1990, and Gulf Coast Sports timely filed its motion for
rehearing. We overrule the first point of error.

 In its second point of error, Meador-Brady contends that the order is void because
the vote to grant the license was by less than a "majority of a quorum." At the time of this
proceeding, the Commission consisted of six persons. 1987 Tex. Gen Laws, ch. 357, § 3, at
1783 (Code § 2.02, since amended). A quorum of four members was present at the vote on the
Gulf Coast Sports license application. Code § 2.08(a) (Supp. 1992); see Texas State Bd. of Dental
Examiners v. Silagi, 766 S.W.2d 280, 284 (Tex. App. 1989, writ denied).

 The Commission must adopt final orders by a "majority vote of a quorum." Code
§ 3.08(g) (Supp. 1992) (emphasis added). Here, two commissioners voted in favor of the license
application; one voted to deny it; and the fourth member, the chairman, did not vote. Meador
Brady asserts that this vote does not meet the requirement of § 3.08(g) because the favorable vote
was not more than one-half of the quorum. The Commission and Gulf Coast Sports respond that
"majority vote" requires a majority vote of those present and voting and, therefore, two favorable
votes were sufficient.

 Where the legislature has committed a matter to an administrative agency, it must
act on the matter as a body and not by individual members acting separately. Webster v. Texas
Pac. Motor Transp., 166 S.W.2d 75, 76-77 (Tex. 1942); Houston & N. Tex. Motor Freight Lines
v. Johnson, 166 S.W.2d 78, 79 (Tex. 1942). Generally, if a quorum is present, an action by a
majority of the quorum binds the agency. Webster, 166 S.W.2d at 77; Kermit Indep. Sch. Dist.
No. 5 v. State ex rel. Wink Indep. Sch. Dist. No. 1, 208 S.W.2d 717, 721 (Tex. Civ. App. 1948,
no writ) (statute requiring that questions shall be decided by "majority vote" requires merely a
majority of the quorum); see Federal Trade Comm'n v. Flotill Products, Inc., 389 U.S. 179, 183
(1967); Ho Chong Tsao v. Immigration & Naturalization Serv., 538 F.2d 667, 669 (5th Cir.
1976), cert. denied, 430 U.S. 906 (1977). (3)

 We disagree with the suggestion of Gulf Coast Sports that, because a quorum was
present, the Commission may act on the basis of only two favorable votes. See generally Black's
Law Dictionary 955 (rev. 6th ed. 1990) ("majority vote" defined as vote by more than half the
voters for matter on the ballot). Here, the phrase "of a quorum" establishes the larger group of
which the majority vote is necessary. We conclude that § 3.08 restates the general rule that, in
the absence of special restrictions, a quorum can act and a majority of that quorum bind the
agency.

 Next, we must consider the effect, if any, of the one abstention from the vote. 
Assuming that an abstention should not impede agency action, courts have generally considered
the abstention as acquiescence in the course of action favored by the majority actually voting. See
Dry Creek Valley Ass'n v. Board of Supervisors, 135 Cal. Rptr. 726, 728-29 (Cal. Ct. App.
1977); City of Haven v. Gregg, 766 P.2d 143, 146 (Kan. 1988); Northwestern Bell Tel. Co. v.
Board of Comm'rs, 211 N.W.2d 399, 404 (N.D. 1973); see generally J.R. Kemper, Annotation,
Abstention from Voting of Member of Municipal Council Present at Session as Affecting Requisite
Voting Majority, 63 A.L.R.3d 1072 (1975). We do not find any authority that precludes
application of the principle in the instant cause. Furthermore, the agency record supports the
agreement of the nonvoting member with the two votes to grant the license application. An actual
vote to deny the application would have resulted in a tie vote, effectively denying the license
application. We overrule point of error two.

 In its third point of error, Meador-Brady argues that the Commission's order is
invalid because it does not expressly adopt and incorporate the findings of fact and conclusions
of law set out in the proposal for decision. A final order of the Commission must set forth the
findings of fact and conclusions of law on which the order is based. Code § 3.07 (Supp. 1992);
See Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 450 (Tex.
1984); Gage v. Railroad Comm'n, 582 S.W.2d 410, 414 (Tex. 1979).

 An agency may satisfy this requirement by adopting, in its final order, the findings
and conclusions that the hearing examiner sets out in the proposal for decision. See Imperial Am.
Resources Fund, Inc. v. Railroad Comm'n, 557 S.W.2d 280, 285 (Tex. 1977); Auto Convoy Co.
v. Railroad Comm'n, 507 S.W.2d 718, 720 (Tex. 1974); Morgan Drive Away, Inc. v. Railroad
Comm'n, 498 S.W.2d 147, 150 (Tex. 1973); Butler v. State Bd. of Educ., 581 S.W.2d 751, 755
(Tex. Civ. App. 1979, writ ref'd n.r.e.). But see Railroad Comm'n of Texas v. Palmer, 586
S.W.2d 934, 935 (Tex. Civ. App. 1979, no writ) (in dicta, court described failure to set out
findings and conclusions in order as a defect). The order here states:




 The [Commission], having duly considered the Proposal for Decision . . . ,
including the findings of fact, conclusions and recommendations contained therein;
. . . does hereby enter its Final Order in this proceeding as follows:


 IT IS ORDERED:


1. That the recommendation of the Hearing Examiner as contained in the
Proposal for Decision filed in this proceeding, be and it hereby is adopted by
the Commission; and


2. That the application of [Gulf Coast Sports] for a New Motor Vehicle Dealer's
License for a Honda dealership . . . be and is hereby granted.



Meador-Brady contends that the order adopts only the section of the proposal for decision entitled
"RECOMMENDED ACTION" and not the forty-six findings and four conclusions immediately
preceding that section.

 Although the language of the order could have been more specific, we conclude that
the order satisfies § 3.07. The section, "RECOMMENDED ACTION," reads, "Based on the
foregoing findings of fact and conclusions, it is the recommendation of the Hearing Examiner"
that the Commission approve the license application of Gulf Coast Sports and deny the protest of
Meador-Brady. The recommendation rests on the findings and conclusions; therefore, the
Commission order may reasonably be read to adopt those findings and conclusions.

 Meador-Brady additionally suggests that this Court may not adequately review the
order because it is unclear which of the proposed findings and conclusions are included. In
adopting the recommendation, the Commission adopted each of the forty-six findings and four
conclusions. We do not agree that the Commission's failure to repeat the findings and conclusions
in its order has prejudiced Meador-Brady. See APTRA § 16(a) (Supp. 1992); Musick v. Railroad
Comm'n, 747 S.W.2d 892, 897-98 (Tex. App. 1988, writ denied). We overrule point of error
three.

 In its fifth point of error, Meador-Brady asserts that the Commission's final order is
invalid because it does not expressly rule on the proposed findings of fact that Meador-Brady
submitted. In its motion for rehearing of December 19, 1990, Meador-Brady submitted proposed
findings of fact and conclusions of law and requested that the Commission expressly rule on each
finding, pursuant to APTRA § 16(b). The Commission overruled the motion for rehearing in an
order dated January 11, 1991.

 Section 16(b) provides, "If, in accordance with agency rules, a party submitted
proposed findings of fact, the decision shall include a ruling on each proposed finding." APTRA
§ 16(b) (Supp. 1992) (emphasis added). Neither the Code nor the agency's rules provide for the
filing of proposed findings. See Tex. Motor Vehicle Comm'n, 16 Tex. Admin. Code §§ 101.60-.62 (1988 & Supp. 1991). Accordingly, the Commission was not required to rule expressly on
each of the proposed findings. See State Banking Bd. v. Valley Nat'l Bank, 604 S.W.2d 415, 419
(Tex. Civ. App. 1980, writ ref'd n.r.e.) (agency not required to state facts upon which it did not
rely). We overrule point of error five.

 In its fourth point of error, Meador-Brady asserts that the Commission's final order
is not supported by substantial evidence and is arbitrary and capricious. APTRA § 19(e)(5),(6)
(Supp. 1992). Meador-Brady does not challenge specific findings or conclusions or argue that the
underlying facts do not support the Commission's conclusions. We understand the complaint to
be that the order itself was arbitrary and capricious because "there is not a scintilla of evidence
in the record to support the Commission's December 6, 1990, order."

 This Court presumes that the Commission's order is supported by substantial evidence;
Meador-Brady has the burden to overcome the presumption. City of San Antonio v. Texas Water
Comm'n, 407 S.W.2d 752, 758 (Tex. 1966); Continental Cars, Inc. v. Texas Motor Vehicle
Comm'n, 697 S.W.2d 438, 443 (Tex. App. 1985, writ ref'd n.r.e.). APTRA authorizes a
reviewing court to test an agency's findings, inferences, conclusions, and decisions to determine
whether they are reasonably supported by substantial evidence in view of the reliable and
probative evidence in the record as a whole. APTRA § 19(e)(5) (Supp. 1992). Although
substantial evidence is more than a mere scintilla, the evidence in the record may preponderate
against the decision of the agency and nevertheless amount to substantial evidence. The true test
is not whether the agency reached the correct conclusion but whether some reasonable basis exists
in the record for the agency's action. Charter Medical-Dallas, Inc., 665 S.W.2d at 452. We will
sustain the agency's action if the evidence is such that reasonable minds could have reached the
conclusion that the agency must have reached in order to justify its action. Id.; Suburban Util.
Corp. v. Public Util. Comm'n, 652 S.W.2d 358, 364 (Tex. 1983).

 In determining whether the Commission acted arbitrarily or capriciously, this Court
must determine whether the agency based its order on a consideration of all relevant factors and
whether there is a rational connection between the facts and the agency's decision. This Court
may not substitute its decision for that of the Commission. Public Util. Comm'n v. South Plains
Elec. Coop., 635 S.W.2d 954, 957 (Tex. App. 1982, writ ref'd n.r.e.); Starr County v. Starr
Indus. Servs., Inc., 584 S.W.2d 352, 355-56 (Tex. Civ. App. 1979, writ ref'd n.r.e.); see Charter
Medical-Dallas, Inc., 665 S.W.2d at 453-54.

 Pursuant to Code § 4.06(c), Gulf Coast Sports had the burden to establish good cause
for the establishment of the motorcycle dealership. (4) In determining good cause, the Commission
was to consider: (1) whether the manufacturer of the same line-make of motor vehicle was
adequately represented as to sales and service, (2) whether the protesting dealers representing the
same line-make of motor vehicle were in substantial compliance with their franchise agreements,
(3) the desirability of a competitive marketplace, (4) any harm to the protesting dealers, and (5)
the public interest. Tex. Rev. Civ. Stat. Ann. art. 4413(36), § 4.06(c) (Supp. 1992).

 Our review of the record of the agency hearing shows that the evidence as to each of
the above elements conflicts. The Commission was, of course, the judge of the weight to be
accorded the evidence presented. Gerst v. Guardian Sav. & Loan Ass'n, 434 S.W.2d 113, 116
(Tex. 1968); Southern Union Gas Co. v. Railroad Comm'n, 692 S.W.2d 137, 141-42 (Tex. App.
1985, writ ref'd n.r.e.); see Silagi, 766 S.W.2d at 284. We conclude that there is substantial
evidence, that is, some reasonable basis, to support the agency order granting the license
application and that the order is not arbitrary and capricious. See Charter Medical-Dallas, Inc.,
665 S.W.2d at 452-53; Suburban Util. Corp., 652 S.W.2d at 364; Starr County, 584 S.W.2d at
355-56. We overrule point of error four.

 The order of the Texas Motor Vehicle Commission is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Order of Texas Motor Vehicle Commission Affirmed

Filed: July 1, 1992

[Publish]

1.   Section 7.01(a) provides that any party to a Commission proceeding who is affected by a
final order of the Commission is entitled to judicial review of the order, under the substantial
evidence rule, in a district court of Travis County "or in the Court of Appeals for the Third Court
of Appeals District." A party may remove a proceeding filed in district court to the court of
appeals upon notice of removal at any time before trial. Texas Motor Vehicle Commission Code,
Tex. Rev. Civ. Stat. Ann. art 4413(36), § 7.01(a) (Supp. 1992). Gulf Coast Sports removed the
proceeding from the district court to this Court.


 The provisions of § 7.01 give this Court original jurisdiction in a matter traditionally
brought in the trial court. See Tex. Const. art. V, § 6 (courts of appeals to have "such other
jurisdiction, original and appellate, as may be prescribed by law). The statute provides that, once
filed in this Court, the Texas Rules of Appellate Procedure are to govern the proceeding. Here,
the parties and the Court have managed, on an ad hoc basis, to avoid procedural and factual
disputes that could have derailed disposition of the cause. See Code § 7.02(d) (remand to trial
court if evidence to be taken outside the agency record). Such potential disputes suggest that an
appellate court is an unwieldy forum for initial judicial review of an administrative action. 
2.   As of June 16, 1991, a party must seek rehearing in accordance with the Administrative
Procedure and Texas Register Act ("APTRA"), Tex. Rev. Civ. Stat. Ann. 6252-13a (Supp.
1992). Code § 3.08(h) (Supp. 1992). Section 16(e) of APTRA requires a party to file a motion
for rehearing "within 20 days after the date the party or his attorney is notified of the final
decision or order." APTRA § 16(e) (Supp. 1992).
3.   Neither the Commission nor Gulf Coast Sports asserts that the resignation of a Board
member reduced the Commission to five members, thereby reducing the number necessary for a
quorum. See Nalle v. City of Austin, 93 S.W.141, 145 (Tex. Civ. App. 1906, writ ref'd); City
of Alamo Heights v. Gerety, 264 S.W.2d 778, 780 (Tex. Civ. App. 1954, writ ref'd n.r.e.).
4.   Meador-Brady claims, in effect, that the Commission erred in granting the application "as
if it were a relocation rather than a new point." Regardless whether the proceeding concerned a
new dealership or relocation of an existing dealership, Gulf Coast Sports had the same burden of
proof. Code §§ 4.02(d), .06(c).