Jolly-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-544-CV





PETER JOLLY D/B/A MID-STATES MANAGEMENT,



 
 APPELLANT


vs.





STATE OF TEXAS,



 APPELLEE





 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 494,098, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





 This is a statutory cause of action to enforce a final order of the Railroad
Commission of Texas. The Commission ordered appellant, Peter Jolly d/b/a Mid-States
Management, to plug three inactive oil wells and imposed administrative penalties. See Tex. Nat.
Res. Code Ann. §§ 85.351-.352, 85.381-.383, 89.121 (West 1993). The trial court granted a
mandatory injunction that ordered Jolly to plug or otherwise bring the wells into compliance with
Commission regulations, imposed civil penalties of $75,000, and awarded attorney's fees and
costs. See Tex. Nat. Res. Code Ann. § 85.381 (West 1993); Tex. Gov't Code Ann. § 402.006
(West 1990). Jolly appeals the trial-court judgment. We will affirm.



BACKGROUND


 On December 18, 1989, after notice and hearing, the Commission issued its final
order that Jolly plug or otherwise bring three wells designated as "C. R. Loessberg (01836)
Lease, Well Nos. 1, 2 and 3, Fairfield Field, Bexar County, Texas" into compliance with
Commission regulations and pay an administrative penalty of $6,000. Jolly did not appear at the
Commission hearing. When Jolly failed to file a motion for rehearing in the Commission and
failed to bring suit for judicial review in district court, the Commission's order became final. See
Administrative Procedure and Texas Register Act ("APTRA"), Tex. Rev. Civ. Stat. Ann. art.
6252-13a, §§ 16(c), 19 (West Supp. 1993).

 After Jolly failed to comply with the Commission order, the State initiated this
cause seeking a mandatory injunction to compel compliance, civil penalties, and attorney's fees. 
A hearing was conducted on February 18, 1992, at which Jolly appeared pro se. The trial court
granted the injunction, and awarded civil penalties of $36,000 and attorney's fees. The court also
ordered that, if the wells were not plugged within sixty days, further civil penalties of $10,000
per well, per day would be imposed. The trial court recessed the proceeding until July 29, 1992,
when, after Jolly had still failed to plug the wells, the trial court conducted a second hearing. The
trial court rendered a final judgment that ordered Jolly to plug the wells within forty-five days,
increased the civil penalties to $75,000, and awarded additional attorney's fees. Jolly appeals and
urges five points of error.



DISCUSSION


 In his first three points of error, Jolly asserts that (1) the trial court erred in
refusing to allow a challenge to the Commission's final order; (2) the trial court erred when it
"propagated the Railroad Commission's extrinsic fraud"; and (3) the trial court denied him due
process.

 By these points of error, Jolly attempts to argue his defense of mistaken identity. 
Jolly denies that he was the operator of the three wells in question and claims a clerical error in
filing a form with the Commission resulted in his being charged with plugging the wells. See
Tex. Nat. Res. Code Ann. § 89.002 (West 1993). Jolly also asserts that the Commission failed
to honor his request for witnesses to attend the hearing, failed to consider as evidence "data" he
submitted by mail, failed to review the Commission's own records, misled him about the nature
of the hearing, and failed to join as parties the culpable operators of the wells.

 However valid these defenses may be, they are nonetheless collateral attacks on a
Commission order that is now final and unappealable. A final order of the Commission that is
valid on its face is not subject to collateral attack in a subsequent enforcement proceeding. 
Corzelius v. Harrell, 186 S.W.2d 961, 967 (Tex. 1945); Magnolia Petroleum Co. v. New Process
Prod. Co., 104 S.W.2d 1106, 1110 (Tex. 1937); Texas Steel Co. v. Fort Worth & D. C. Ry. Co.,
40 S.W.2d 78, 81 (Tex. 1931); Combs v. State, 526 S.W.2d 648, 649 (Tex. Civ. App.--Austin
1975, writ ref'd n.r.e.), cert. denied, 426 U.S. 922 (1976). In Combs this court refused to allow
collateral attacks on a final Commission order to plug wells based on arguments similar to those
Jolly asserts in the immediate case--that the appellant was not the "operator" of the wells and that
appellant's due-process rights were denied. We conclude that Jolly's arguments in his first three
points of error are impermissible collateral attacks on a final Commission order.

 Jolly also asserts under point of error two that he did not receive notice of the
Commission's final order. See APTRA § 16(b); Commercial Life Ins. Co. v. Texas State Bd. of
Ins., 774 S.W.2d 650, 652 (Tex. 1989); Meador-Brady Management Co. v. Texas Motor Vehicle
Comm'n, 833 S.W.2d 683, 685-86 (Tex. App.--Austin 1992, writ granted). The Commission
record, admitted without objection, indicates that notice of its final order was mailed to Jolly's
correct address. Jolly did not raise the notice issue until his motion for new trial in the district
court and the record contains no evidence to show Jolly did not receive notice. We conclude that
Jolly has not preserved any complaint for review. Tex. R. App. P. 52(a). We overrule Jolly's
first three points of error.

 In his fourth point of error, Jolly argues the trial court erred in conducting the
February 18, 1992, hearing because Jolly was not represented by counsel. Jolly had retained
counsel before the February 18, 1992, hearing; however, counsel withdrew immediately before
the hearing without objection by Jolly. The record shows that Jolly announced ready and that he
willingly and knowingly participated in the hearing pro se. See Tex. R. Civ. P. 7. Jolly did not
request a continuance or object to the hearing. Absent "a timely request, objection or motion"
to the trial court and a ruling thereon, nothing is preserved for appellate review. See Tex. R.
App. P. 52(a). Accordingly, we overrule Jolly's fourth point of error.

 In his fifth point of error, Jolly contends the trial court erred in imposing excessive
civil penalties. The trial court ultimately imposed civil penalties of $75,000 and awarded $3,000
in attorney's fees. Jolly argues that the penalties are inappropriate because (1) he has no legal
obligation to plug the wells; (2) he has been denied due process "at every level"; and (3) the wells
pose no hazard because they are old wells. The issues of whether the wells should be plugged and
Jolly's legal obligation to do so were established by the Commission's final order, which is not
subject to collateral attack. As discussed above, any deficiency in the presentation of his case was
due to Jolly's own neglect rather than any denial of due process. 

 The Commission may impose administrative penalties up to $10,000 per day for
each violation of Commission rules and orders that relate to safety or the prevention or control
of pollution. Tex. Nat. Res. Code Ann. § 81.0531 (West 1993). Similarly, civil penalties up to
$10,000 per day are available for each violation of a Commission order that pertains to safety or
the prevention or control of pollution. Tex. Nat. Res. Code Ann. § 85.381 (West 1993).

 In the immediate case, although the wells had been abandoned and had remained
unplugged for several years, the Commission initially imposed an administrative penalty of only
$6,000. By the February 18, 1992, hearing, Jolly had been in violation of the Commission's final
order to plug the three wells for over two years. The trial court added only an additional $30,000
in civil penalties and gave Jolly sixty days to plug the wells before further penalties would be
imposed. By the July 29, 1992, hearing, an additional five months passed and Jolly failed to
comply with the trial court's mandatory injunction. Accordingly, the trial court increased the civil
penalties to $75,000. Given Jolly's continued refusal to plug the wells, we conclude that the trial
court did not err in imposing this amount as a civil penalty. We overrule Jolly's fifth point of
error.



CONCLUSION


 Having overruled Jolly's points of error, we affirm the trial court's judgment.




 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Aboussie and Jones]


Affirmed


Filed: July 7, 1993


[Publish]