Clara SUDBECK, Claimant and Appellant,

v.

DALE ELECTRONICS, INC., Employer and Appellee,

and

Liberty Mutual Insurance Company, Insurer and Appellee.

No. 18278.

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1993.

Decided July 6, 1994.

64

Michael F. Marlow and Kevin L. Reiner, Johnson, Heidepriem, Miner & Marlow, Yankton, for appellant.

Susan Jansa Brunick, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellees.

SABERS, Justice.

Employee appeals dismissal of her worker's compensation claim on procedural grounds. We affirm.

## FACTS

Clara Sudbeck (Sudbeck) filed a Petition for Hearing with the South Dakota Department of Labor (Department) on November 6, 1990 seeking worker's compensation benefits for occupational asthma incurred while working at Dale Electronics, Inc. (Employer). Department concluded that Sudbeck's claim was barred because she did not timely notify her Employer of the disease and dismissed her Petition.

Employer and Liberty Mutual Insurance Company (Insurer) were directed to submit proposed findings of fact and conclusions of law and an order consistent with the Decision of the Department within ten days from receipt of the Decision. Sudbeck was given ten days from receipt of Employer/Insurer's proposed findings of fact and conclusions of law within which to submit objections or her own findings and conclusions. On October 1,

1992, Sudbeck submitted objections to the findings and conclusions submitted by Employer/Insurer and her own proposed findings and conclusions.

Department signed the findings and conclusions prepared and submitted by Employer/Insurer on October 5, 1992 and on October 6, Department served copies of the findings and conclusions and order upon counsel for both parties by first class mail. Employer/Insurer sent Notice of Entry of Findings of Fact and Conclusions of Law and Order to Sudbeck on October 12, 1992. Sudbeck served a Notice of Appeal upon Employer/Insurer's counsel by certified mail on November 3. The Notice of Appeal was not filed with the Clerk of Courts until November 12.

Employer/Insurer filed a Motion to Dismiss the appeal on November 16, asserting that Sudbeck had failed to timely file her appeal. The Motion was granted by the circuit court. Sudbeck appeals.

### 1. Whether Department's October 5, 1992 Decision Was a Final Decision.

Sudbeck argues that the circuit court erred in dismissing her appeal because the Department did not rule upon her objections to the proposed findings and conclusions or her proposed findings and conclusions. According to Sudbeck, until the Department issues rulings on the objections and proposed findings and conclusions, the Department has not rendered a final decision and the thirty-day appeal period has not begun.

SDCL 1–26–25 provides:

A final decision or order adverse to a party in a contested case shall be in writing or stated in the record. It may affirm, modify, or nullify action previously taken or may direct the taking of new action within the scope of the notice of hearing. It shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. *If, in accordance with agency rules, a party submitted proposed findings of fact, the decision shall include a ruling upon each proposed finding.* Parties shall be notified either per-

sonally or by mail of any decision or order. Upon request a copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record. (Emphasis added.)

While the Department stated in its Decision that Sudbeck "shall have ten (10) days from the date of receipt of Employer/Insurer's proposed Findings and Conclusions to submit objections thereto or to submit its own proposed Findings and Conclusions," this is not an "agency rule." According to the Affidavit of James Marsh (Marsh), the Deputy Director of the South Dakota Department of Labor who rendered the Decision:

There has been no administrative rule adopted by the South Dakota Department of Labor which requires submission of proposed findings of fact by each of the parties; rather one of the parties, generally the successful party, is directed by the Department of Labor to submit findings of fact and conclusion[s] of law and an order consistent with the Department's decision. Parties then may, within ten days, file objections to the submitted findings of fact and conclusions of law *or* may submit additional proposed findings but are not required to do so.

In support of their position, Employer/Insurer cite *Meador–Brady Mgt. Corp. v. Texas Motor Vehicle Comm'n,* 833 S.W.2d 683 (Tex.Ct.App.1992), *rev'd on other grounds,* 866 S.W.2d 593 (Tex.1993) and *Outdoor Circle v. Harold K.L. Castle Trust Estate,* 4 Haw.App. 633, 675 P.2d 784 (Ct.App. 1983), *cert. denied,* 67 Haw. 1, 677 P.2d 965 (1984). In *Meador–Brady,* appellants asserted that the Commission's final order was invalid because it did not expressly rule on the proposed findings of fact that appellants submitted. The Texas Court of Appeals noted that neither the Code nor the agency's rules provided for the filing of proposed findings and held that the Commission was not required to expressly rule on each of the proposed findings. *Meador–Brady,* 833 S.W.2d at 688. As in this case, the Administrative Procedure and Texas Register Act (APTRA) provided that "[i]f, *in accordance with agency rules,* a party submitted pro-

posed findings of fact, the decision shall include a ruling on each proposed finding." *Meador–Brady*, 833 S.W.2d at 688 (quoting APTRA § 16(b) (Supp.1992) (emphasis added)).

In *Outdoor Circle*, appellants contended that the Land Use Commission violated Hawaii Revised Statutes (HRS) § 91–12 by failing to specify in its decision the disposition of each of appellants proposed findings. HRS § 91–12 provided that if any party has filed proposed findings of fact, "the agency shall incorporate in its decision a ruling upon each proposed finding so presented." *Outdoor Circle*, 675 P.2d at 792 (quoting HRS § 91–12). In holding that the Land Use Commission (LUC) did not err, the Hawaii Court of Appeals stated that "[i]t is not indispensable that there be a separate ruling on each proposed finding of fact. However, the agency must make its findings reasonably clear. In its March 7, 1978 order and decision, LUC made and incorporated reasonably clear findings. *By choosing those, it impliedly rejected all others.*" *Id.* (citations omitted) (emphasis added). We find the language of these two cases persuasive.

Absent an "agency rule," SDCL 1–26–25 does not require Department to rule on Sudbeck's proposed findings and conclusions. According to Marsh's Affidavit, no "agency rule" exists. Additionally, Department, by signing the findings and conclusions prepared and submitted by Employer/Insurer, impliedly rejected Sudbeck's. The Department has made its findings and conclusions "reasonably clear." *Outdoor Circle*, 675 P.2d at 792. Therefore, the Department's October 5, 1992 Decision was a final decision.

## 2. Whether Department Served Notice of Its Final Decision.

 Sudbeck argues that Department failed to serve notice of the final decision and

therefore, the time for appeal had not run by November 12, 1992, when she filed her notice of appeal with the Clerk of Courts. Appeals to a circuit court from an administrative agency's final decision are governed by the Administrative Procedures Act. SDCL ch. 1–26. The specific procedure for filing an appeal is found in SDCL 1–26–31 which requires that "[a]n appeal shall be taken ... within thirty days after the agency *served notice* of the final decision[.]" (Emphasis added.) [1] *See* SDCL 1–26–25 entitled "Form, contents and notice of decisions, orders and findings." ("A final decision or order adverse to a party in a contested case shall be in writing or stated in the record.... Parties shall be notified either personally or by mail of any decision or order. Upon request a copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record.").

According to Marsh's letter, which accompanied Department's findings and conclusions and order, and his sworn Affidavit, *only* Department's findings and conclusions and order were enclosed. Sudbeck argues that Notice of Entry of Findings of Fact and Conclusions of Law and Order was necessary to start the time to appeal.[2]

 Although it can be argued that Department's documents, notice, or service should, at a minimum, contain the language 'notice of final decision' in order to commence the running of the time in which to appeal, this is not required by the language of SDCL 1–26–31. *Compare* standard civil practice in SDCL 15–26A–6 ("Any appeal other than from a judgment must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing. An appeal from the judgment

1. SDCL 1–26–31 provides in full:
 An appeal shall be taken by serving a notice of appeal upon the adverse party and upon the agency which rendered the decision, and by filing the same, or a certified copy, with proof of such service in the office of the clerk of courts of the county in which the venue of the appeal is set, *within thirty days after the agency served notice of the final decision* or, if a rehearing is authorized by law and is requested, within thirty days after notice has been served

of the decision thereon. Service required by this section may be performed by registered or certified mail and is complete when the material to be served is deposited with the United States postal service. (Emphasis added.)

2. Employer/Insurer fails to explain why they sent Notice of Entry of Findings of Fact and Conclusions of Law and Order if not necessary to begin the time to appeal.

must be taken within sixty days after the judgment shall be signed, attested, filed *and written notice of entry thereof shall have been given to the adverse party.*" (Emphasis added.)). Such a holding here would be judicial legislation and a revision of the statute. If the legislature wishes to revise SDCL 1-26-31 to conform to civil practice and require notice of entry of judgment to commence the running of the time to perfect an administrative appeal, it may do so. The intent of a statute must be determined from what the legislature said, rather than what this court thinks the legislature should have said; and the court must confine itself to the language of the statute. *In re AT & T Info. Sys.*, 405 N.W.2d 24, 27 (S.D.1987) (citations omitted). It is not the task of this court to revise or amend statutes, or to "liberally construe a statute to avoid a seemingly harsh result where such action would do violence to the plain meaning of the statute under construction." *In re Presentation Sisters, Inc.*, 471 N.W.2d 169, 175 (S.D.1991) (citation omitted).

██ Department served copies of the findings and conclusions and order upon counsel for both parties by first class mail on October 6, 1992. Therefore, the time allowed to file the notice of appeal with the clerk of the county court expired on November 9, 1992.[3] Sudbeck's notice of appeal was not filed until November 12, three days past the filing deadline. *See Hardy v. West Cent. Sch. Dist. No. 49-7*, 478 N.W.2d 832 (S.D.1991) (noting that notice of appeal was filed one day late); *Hall v. Salem Indep. Sch. Dist. No. 17*, 88 S.D. 202, 217 N.W.2d 160 (S.D.1974) (holding that filing deadline for notice of appeal was missed by one day).

Department's October 5, 1992 decision was a "final decision." When Sudbeck received notice of that final decision on October 6, 1992, the time for appeal started to run. Affirmed.

MILLER, C.J., and WUEST and AMUNDSON, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in part and dissenting in part).

Despite my complete agreement with the first issue, this case should, nevertheless, be remanded because Sudbeck was not properly served with notice of the Department of Labor's final decision. Therefore, I dissent to the second issue.

On October 6, 1992, the Department properly served the parties with its findings, conclusions, and order. Employer/Insurer sent Notice of Entry of Findings of Fact and Conclusions of Law and Order to Sudbeck on October 12, 1992. Sudbeck served Notice of Appeal on November 3, 1992, and filed it with the Clerk of Courts on November 12.

Per 1-26-31, an appeal is to be taken within thirty days after the Department served notice of the final decision. No notice of a final decision was served, but Dale Electronics and Liberty Mutual Insurance received proper notice of Sudbeck's appeal within thirty days of the findings, conclusions, and order. Majority contends that such documents are the equivalent of notice of a final decision. Not so.

*Kallstrom v. Marshall Beverages, Inc.*, 397 N.W.2d 647, 650 (S.D.1986), emphasized the importance of a notice of entry of judgment:

A notice of entry of judgment gives to a party the power to set running the time after which his adversary may not appeal and assures each party that the statutory period of time within which he may appeal does not commence to run until his adversary has given such notice.

Such importance was documented by this Court as far back as *Labidee v. City of Pierre*, 43 S.D. 31, 177 N.W. 499, 501 (1920). Although this passage is in reference to civil cases, notice of the final decision in administrative hearings deserves the same respect. Without written notice of the final decision, a party cannot be certain that the mailed documents are in fact intended to be notice of the final decision. Clear notice that the mailed document is the final decision avoids argu-

---

**3.** This date is calculated by counting thirty days from October 6, then adding three additional days for mailing as provided in SDCL 15-6-6(e).

November 8 fell on a Sunday; thus November 9 was the last day to file the notice of appeal.

68

ments concerning proper service and notice, as has happened here.

We dismissed the untimely appeal in *Madsen v. Preferred Painting Contractors,* 89 S.D. 397, 233 N.W.2d 575, 577 (1975), noting that service of the agency decision was complete when a copy of the findings and conclusions, *together with the notice of decision,* was mailed to the parties. Herein, despite the October 6 mailing of findings, conclusions, and order by the Department, Employer/Insurer on October 12 served Sudbeck with Notice of Entry of those documents. It is this date of Notice of Entry upon which Sudbeck relies, as advised by *Kallstrom.* Dale Electronics/Liberty Mutual Insurance, to now avoid the appeal, is eager to *support* the Department's mailing as the notice of final decision. Majority says the October 6 mailing was sufficient. *But see Nancy Thielen School of Piano v. State,* 486 N.W.2d 32 (S.D.1992) (the time for filing an appeal does not begin when the potential appellant learns of the decision). One questions why their attorneys even bothered to serve Sudbeck with an essentially meaningless Notice of Entry.

Majority suggests that perhaps the language "notice of final decision" be included to set the time running, but dismisses such as "judicial legislation." Ironically, this same majority writing ignores its cited holdings from *AT & T Info. Sys.* and *Presentation Sisters* concerning proper statutory interpretation and holds that the serving of findings, conclusions, and order is the equivalent of the SDCL 1–26–31 mandate of serving "notice of the final decision." Obviously the two are not the same as indicated by Employer/Insurers October 12 mailing. Rather, it is the majority that has liberally construed the meaning of notice of final decision by expanding it to include the mailing of the findings, conclusions, and order. *See Sioux Valley Hospital Ass'n v. Yankton County,* 424 N.W.2d 379, 382 (S.D.1988). Nay, a strict reading would proffer a notice of entry of judgment.

Sudbeck filed within thirty days of service of Employer/Insurer's Notice of Entry— three days beyond the majority's newly defined deadline. The underlying appeal was timely filed and neither Dale Electronics nor Liberty Mutual has been prejudiced by properly starting the clock with service of the notice of entry. We should reverse and remand.