**GREG ORCHARDS & PRODUCE, INC.,** **Plantation Produce Company, and Tom Lange Company, Inc., Plaintiffs–Appellees,**

v.

**Edwin P. RONCONE, Paul Roncone, Alan Roncone, and Austin J. Merkel Company, Inc., Defendants–Appellants.**

**No. 98–2501.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 14, 1999.

Decided June 22, 1999.

Lawrence H. Meuers (argued), Meuers, Dressler & Kerr, LLP, Naples, FL, for Plaintiffs–Appellees.

Gary L. Starkman (argued), Ross & Hardies, Chicago, IL, for Defendants–Appellants.

Before BAUER, ROVNER, and EVANS, Circuit Judges.

BAUER, Circuit Judge.

This appeal is from a district court decision holding that produce suppliers Greg Orchards & Produce, Inc. ("Greg"), Plantation Produce Company ("Plantation"), and Tom Lange Company, Inc. ("Lange") were qualified for coverage under a Perishable Agricultural Commodities Act ("PACA") trust held by Austin J. Merkel Company, Inc. ("Merkel"). Merkel and its officers argue that the suppliers became disqualified from coverage under the trust when the suppliers entered into post-default agreements with Merkel that permitted Merkel to pay its outstanding obligations in weekly or monthly installments, thereby extending the time for payment beyond the 30 day maximum set by USDA regulations. We reverse and remand.

## I. BACKGROUND

Greg, Plantation, and Lange sold produce to Merkel between December 1992 and April 1995. Merkel, which has since dissolved, was a licensed "dealer" of perishable agricultural commodities within the meaning of PACA, 7 U.S.C. § 499a(b)(6). Edwin and Paul Roncone were officers and directors of Merkel, and Alan Roncone was an employee who served as an officer of Merkel until October 1993.

After Merkel failed to timely pay for the produce delivered to it by Greg, Plantation, and Lange, the suppliers filed notices of intent to preserve the benefits of a statutory trust held by Merkel on behalf of its unpaid suppliers pursuant to PACA. See 7 U.S.C. § 499e(c)(2), (3). Faced with Merkel's imminent bankruptcy, however, Greg and Lange subsequently entered into post-default agreements with Merkel that allowed Merkel to pay its outstanding obligations in weekly installments. The parties disagree about whether Plantation entered into a similar agreement with Merkel. In any case, Merkel made several payments to all three suppliers. On May 31, 1995, however, the USDA revoked Merkel's license to operate in the produce industry due to Merkel's repeated PACA violations. When Merkel went out of business shortly thereafter, all payments ceased. Greg, Plantation, and Lange (as well as another supplier, Weis–Buy Services, Inc., who is not a party to this appeal) brought suit in federal court to enforce their PACA trust rights. In addition to naming Merkel as a defendant, the suit named all three Roncones, claiming that they were "responsible persons"

within the meaning of 7 U.S.C. § 499a(b)(9).

In the district court, Merkel and the Roncones argued, *inter alia*, that Greg, Plantation, and Lange were not qualified for coverage under the PACA trust because they had entered into post-default agreements that extended Merkel's time for payment of outstanding debts beyond 30 days. In support of this argument, Merkel and the Roncones pointed to a USDA regulation that states that an unpaid supplier will not qualify for coverage under a PACA trust if the supplier sets a maximum time for payment in excess of 30 days after receipt and acceptance of the commodities. 7 C.F.R. § 46.46(e)(2).

On cross-motions for summary judgment, the district court ruled in favor of Greg, Plantation, and Lange with respect to the PACA trust enforcement claim, holding that "where, as here, there is no evidence of a seller's attempt to evade the strictures of PACA, post-transaction agreements extending the time period for payment of liquidated debt held in a PACA trust will not serve [to] waive the benefits of an otherwise validly preserved trust." *Weis–Buy Services Inc. v. Roncone*, 1997 WL 323523 at *9 (N.D.Ill. June 9, 1997). The district court declined to decide whether Plantation had entered into a valid post-default agreement because its holding had mooted the issue. *Id.* at *10 n. 10.

As for the individual defendants, the lower court found that Edwin and Paul Roncone had breached their fiduciary duties to Greg, Plantation, and Lange by transferring ownership of Merkel's assets to themselves or third parties. However, the court found that a genuine issue of material fact existed as to the degree of

control exerted by Alan Roncone. In order to avoid the need for a trial (and in exchange for the dismissal of a breach of contract claim against him), Alan Roncone stipulated to certain contested facts that permitted entry of a judgment against him. (Final Judgment dated May 14, 1998.) This appeal followed.

## II. Discussion

■ The only substantive issue on appeal is whether a produce supplier becomes ineligible to assert its PACA trust rights when it enters into a forbearance agreement with a dealer extending the dealer's time for payment beyond 30 days from the receipt and acceptance of the produce. We review *de novo* the district court's determination, on summary judgment, that such an agreement does not affect a supplier's PACA trust rights. *Target Market Publ'g, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1141 (7th Cir.1998).

■ PACA mandates that perishable agricultural commodities received by a federally licensed dealer, as well as sales proceeds from such commodities, shall be held by the dealer in trust for the benefit of all unpaid suppliers of such commodities until full payment has been made.[1] 7 U.S.C. § 499e(c)(2). More simply put, the "trust ... requires the produce buyer to hold the proceeds from its sales of produce and use them to pay suppliers before using those funds to pay its ... other liabilities." *In re Lombardo Fruit and Produce Co.*, 12 F.3d 806, 809 (8th Cir.1993). The trust is created by operation of law whenever a dealer receives and accepts perishable commodities. *See* 7 C.F.R. § 46.46(e)(2). Nonetheless, to preserve its PACA trust rights, a supplier must comply with the

---

1. PACA states, in relevant part:
   Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant,

dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.
7 U.S.C. § 499e(c)(2).

notice requirements set forth at 7 U.S.C. § 499e(c)(3), (4) and 7 C.F.R. § 46.46(f). Properly preserved, trust rights are superior to the interests of secured creditors. *See Lombardo*, 12 F.3d at 809; *Hiller Cranberry Products, Inc. v. Koplovsky*, 165 F.3d 1, 5 (1st Cir.1999).

■ The purpose of PACA's trust provisions is to protect suppliers from dealers who "encumber or give lenders a security interest in, such commodities, or on inventories of food or other products derived from such commodities, and any receivables or proceeds from the sale of such commodities or products." 7 U.S.C. § 499e(c)(1). However, this protection is only intended to extend to suppliers who sell produce on a cash or short-term credit basis. As the House Report states:

> [T]he Committee does not intend the trust to apply to any credit transaction that extends beyond a reasonable period. Under the bill the Secretary is required to establish, through rulemaking, the time by which, the parties to a transaction must agree payment on a transaction must be made, to qualify it for coverage under the trust. An agreement for payment after such time will not be eligible to receive the benefits of the trust.

H.R.Rep. No. 543, 98th Cong., 2d Sess. 7, *reprinted in* 1984 U.S.C.C.A.N. 410. Pursuant to PACA's directive, the USDA promulgated regulations stating that "[t]he maximum time for payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance of the commodities." 7 C.F.R. § 46.46(e)(2).

The parties do not dispute that Greg, Plantation, and Lange complied with PACA's notice requirements. · However, Merkel and the Roncones contend that all three suppliers became ineligible to assert their PACA trust rights when they entered into post-default agreements with Merkel that extended Merkel's time for payment beyond 30 days. Since this is an issue of first impression in this Circuit, we turn to the Eighth Circuit's decision in *Lombardo* for guidance. As the district court noted, *Lombardo* "presents a factual scenario that is virtually identical to that of the instant case." 1997 WL 323523 at *8.

In *Lombardo*, Lange (now a party to this case) sold produce to a dealer under an agreement that complied with PACA. 12 F.3d at 809. When the dealer was unable to make its payments, however, the two parties agreed in writing to extend the time for payment beyond the 30 day maximum. When the dealer went bankrupt, Lange sought to enforce its PACA trust rights. The Eighth Circuit unequivocally rejected Lange's argument that the forbearance agreement was irrelevant to the supplier's eligibility for coverage under the PACA trust, stating:

> [A]t the time trust protection is claimed, there must exist a ·valid written agreement complying with PACA's terms. Though such an agreement once existed, it did not exist at the time trust protection was claimed, having been modified by the parties' subsequent written agreement in such a manner that it no longer complied with PACA.

*Id.* at 810. Thus, according to *Lombardo*, it is not sufficient for a supplier to be in compliance with PACA when it files its notice of intent to preserve PACA trust rights, the supplier must also be in compliance when it seeks to enforce those rights in court.[2]

---

2. Merkel and the Roncones cite *In re Davis Distributors, Inc.*, 861 F.2d 416 (4th Cir.1988) as additional authority for this rule. However, we rest our decision solely on *Lombardo* because we agree with Greg, Plantation, and Lange that *Davis* is inapposite. The produce supplier in *Davis* was not even in compliance

with PACA at the time it gave notice of its intent to preserve its trust benefits. *See Davis*, 861 F.2d at 417–18. In contrast, although the timing of the notice in *Lombardo* is unclear, the Eighth Circuit emphasized that its holding was based on the supplier's noncompliance with PACA at the time the suppli-

The district court took issue with the Eighth Circuit's holding in *Lombardo*. Citing 7 C.F.R. § 46.46(c)(1), the lower court reasoned that "the rights to a PACA trust are vested in the seller upon timely notification of the debtor and the USDA of the seller's intent to preserve trust benefits. The seller remains a beneficiary of the PACA trust until the debt owed the seller is paid 'in full.'" *Weis–Buy*, 1997 WL 323523 at *8. Thus, the court held that a supplier need only be in compliance with PACA and its regulations at the time it files its notice of intent. The court noted that forbearance is a perfectly reasonable response to a debtor who cannot meet its financial obligations and concluded that such post-default agreements do not alter the "terms of the underlying agreement" unless "expressly purposed to supplant the trust or designed to circumvent the PACA trust requirements." *Id.* Finding that there was no evidence that the three suppliers had attempted to evade PACA's requirements, the district court held that they remained qualified for coverage under the statutory trust. *Id.* at *9.

■ Although we too recognize the utility of forbearance agreements, we think that the Eighth Circuit has adopted the better rule. By disqualifying suppliers who enter into post-default agreements that violate PACA, we can ensure that the extraordinary protection provided by PACA is not enlarged beyond its intended scope. In contrast, a regime that relies on the courts to discern which agreements are "designed to circumvent the PACA trust requirements" would be burdensome and less than accurate. Furthermore, there is nothing in the rule announced by *Lombardo* to stop suppliers and dealers from entering into forbearance agreements that provide the supplier with some other form of security interest to replace the PACA trust protection lost as a result of the agreement. Finally, we do not believe

that 7 C.F.R. § 46.46(c)(1) requires us to reject the holding of *Lombardo*. The regulation means nothing more than that suppliers need not take further action to preserve their trust rights once they have complied with the notice requirements of PACA and its regulations. A supplier who becomes ineligible for coverage under the trust, however, has nothing left to preserve. For these reasons, we join the Eighth Circuit in holding that in order to qualify for PACA trust protection, a supplier must be in compliance with PACA and its implementing regulations *at the time it seeks to enforce its trust rights.* It is not enough that an agreement complies with PACA at the time notice is given.

In this case, there is no dispute that the post-default agreements entered into by Greg and Lange extended the time for payment beyond 30 days in violation of USDA regulations. Thus, both suppliers are ineligible to assert their PACA trust rights. To the extent that Plantation entered into a similar post-default agreement, it is also disqualified. Therefore, the district court must determine on remand whether Plantation did in fact enter into a post-default agreement that violated PACA.

Merkel and the Roncones have asked us to rule on the propriety of the district court's award of prejudgment interest to Greg, Plantation, and Lange. *Weis–Buy Services, Inc. v. Roncone*, 1998 WL 30702 at *4 (N.D.Ill. Jan.26, 1998). Since we have determined that Greg and Lange are ineligible to enforce their PACA trust rights, however, the issue is moot as to them. Furthermore, since it is unclear whether Plantation is qualified to enforce its trust rights, the issue is not ripe as to Plantation.

CONCLUSION

Because a produce supplier becomes ineligible for coverage under a PACA trust

er sought to enforce its trust rights. *See Lombardo*, 12 F.3d at 809 n. 2 (finding it unnecessary to address the adequacy of the notice

provided on invoices and weekly statements given the court's holding).

when it enters into a post-default agreement that extends the time for payment by the produce dealer beyond 30 days, we REVERSE and REMAND.