Thomas R. Israel d/b/a Tomahawk Produce ("the seller") sued Fresh Chicken Today, Inc. ("the buyer"); Alfred L. Merrill, Natalie M. Smith, and Sean B. Smith — the buyer's officers, directors, and shareholders; SouthTrust Bank of Alabama, N.A., the creditor that held a security interest in the buyer's accounts receivable; and Scott Harris, the SouthTrust loan officer responsible for the buyer's account. The seller's complaint alleged violations of the Perishable Agricultural *Page 349 
Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., by all defendants; a breach-of-contract claim against the buyer; and various common-law claims, including conspiracy, conversion, and breach of fiduciary duty, against Merrill, the Smiths, SouthTrust, and Harris.
The circuit court dismissed all claims against all defendants except for the breach-of-contract claim against the buyer, which remains pending. The circuit court entered an order pursuant to Rule 54(b), Ala.R.Civ.P., certifying the dismissals as final. The seller appealed to the Alabama Supreme Court and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975. We affirm.
In 1930, Congress enacted the PACA to "regulat[e] the interstate business of shipping and handling perishable agricultural commodities such as fresh fruit and vegetables." George Steinberg Son, Inc. v.Butz, 491 F.2d 988, 989 (2d Cir. 1974). The PACA protects small farmers and growers who are vulnerable to the practices of financially irresponsible buyers. See Idahoan Fresh v. Advantage Produce, Inc.,157 F.3d 197, 199 (3d Cir. 1998). Under the PACA, it is unlawful for buyers of produce to fail to make prompt payment to sellers or suppliers. See 7 U.S.C. § 499b(4). If a buyer fails to make prompt payment, a seller may file an administrative complaint in the United States Department of Agriculture ("USDA") seeking relief from the buyer.See 7 U.S.C. § 499g. If the USDA determines that the buyer has violated the PACA, it may enter a reparations award for the seller. See7 U.S.C. § 499g(a). A reparations award constitutes prima facie evidence of the buyer's debt to the seller. See 7 U.S.C. § 499g(b). Any party adversely affected by a reparations award may appeal the award to the United States district court within 30 days of the date of the order. See 7 U.S.C. § 499g(c).
In 1984 Congress amended the PACA to impose a trust on commodities and the proceeds of commodities, for the benefit of unpaid sellers. The amendment was enacted in response to concerns that the buyers of commodities gave security interests in their inventory or accounts receivable to lenders who, in the case of the buyer's insolvency or bankruptcy, had priority over unpaid sellers. See7 U.S.C. § 499e(c)(1). The amendment provides, in pertinent part:
 "(1) It is hereby found that a burden on commerce in perishable agricultural commodities is caused by financing arrangements under which commission merchants, dealers, or brokers, who have not made payment for perishable agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person, encumber or give lenders a security interest in, such commodities, or on inventories of food or other products derived from such commodities, and any receivables or proceeds from the sale of such commodities or products, and that such arrangements are contrary to the public interest. This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.
 "(2) Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities *Page 350 or agents involved in the transaction, until full payment of the sums owing in connection with such transactions have been received by such unpaid suppliers, sellers, or agents. . . .
 "(3) The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker within thirty calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, (ii) after expiration of such other time by which payment must be made, as the parties have expressly agreed in writing before entering into the transaction. . . ."
7 U.S.C. § 499e(c)(1), (2), and (3) (emphasis added).
The seller, who lives in San Luis Obispo, California, is an individual grower and seller of perishable agricultural commodities. The buyer is an Alabama corporation that is licensed as a "dealer, commission merchant, or broker" of perishable agricultural commodities pursuant to the PACA.See 7 U.S.C. § 499a (5) and (6). Between January and April 1996, the buyer received from the seller, but failed to pay for, nearly $60,000 worth of fresh fruit and vegetables.
On March 8, 1996, the buyer notified the seller that it had sold some of its accounts receivable to SouthTrust and had granted SouthTrust a security interest in all of its other accounts. On April 26, 1996, the seller gave the buyer written notice of its intent to preserve the benefits of a PACA trust with regard to the receivables pledged to SouthTrust. On May 7, 1996, the buyer and seller entered into a postdefault agreement whereby the buyer agreed to make 71 weekly payments of $1,000 to satisfy the debt. The buyer apparently made only one $1,000 payment on the debt.
On September 5, 1996, the seller filed with the USDA an administrative complaint alleging the buyer's failure to make prompt payment and claiming the sum of $59,286.90 due from the buyer. The buyer failed to answer the administrative complaint, and, on November 4, 1996, the USDA entered a reparations award of $59,286.90 plus interest, and costs of $300, in favor of the seller, giving the buyer 30 days to pay the award or appeal the order. See 7 U.S.C. § 499g(c). The buyer neither paid the reparations as ordered nor appealed the reparations award.
On December 2, 1999, the seller sued in the Jefferson Circuit Court to enforce its reparations award against the buyer and to recover payments from the PACA trust res from the remaining defendants. The Smiths filed a motion to dismiss and a suggestion of bankruptcy, alleging that the seller was barred from pursuing any claims against them individually because, in April 1998, they had filed a Chapter 7 petition in bankruptcy and, in July 1998, they had been granted a discharge under11 U.S.C. § 727.
Merrill, SouthTrust, and Harris moved to dismiss the seller's complaint on the ground that it was barred by the three-year limitations period for enforcing a PACA reparations order set forth in 7 U.S.C. § 499g(b). That section provides, in pertinent part:
 "If any commission merchant, dealer, or broker does not pay the reparation award within the time specified in the Secretary's order, the complainant, or any person for whose benefit such order was made, may within three years of the date of the order file in the district court of the United States for the district in which he resides or in which is located the principal place of business of the *Page 351 
commission merchant, dealer, or broker, or in any State court having general jurisdiction of the parties, a petition setting forth the causes for which he claims damages. . . ."
(Emphasis added).
After conducting a hearing on the motion to dismiss, the circuit court dismissed all of the seller's claims against Merrill, the Smiths, SouthTrust, and Harris. The court determined that 7 U.S.C. § 499g(b) required the seller to seek judicial enforcement of the reparations order within three years of November 4, 1996; therefore, the court held that the seller's complaint, which was filed on December 2, 1999, was barred by the PACA statute of limitations.
The seller argues that his action was not untimely because, he says, the operative time for measuring the "date of the order" was 30 daysafter the entry of the order, the date on which the order became nonappealable. See 7 U.S.C. § 499g(c). The seller cites no authority in support of that argument, and we know of none. In an analogous situation, it has been held that, in subsection (c) of § 499g, requiring that the appeal of a reparations order be taken within 30 days from the "date of such order," the quoted words mean the date on which the decision was rendered, not the effective date of the order. SeeAmerican Fruit Growers v. Lewis D. Goldstein Fruit Produce Corp.,78 F. Supp. 309, 311 (E.D.Pa. 1948) (noting that "an order, as far as the Department of Agriculture is concerned, may become final even though the time for taking an appeal has not elapsed"). Because the action was filed more than three years after "the date of the [reparations] order," the circuit court correctly dismissed the seller's action to enforce its reparations order against the buyer.
The seller argues that the circuit court erroneously dismissed, on statute-of-limitations grounds, the PACA trust claims against defendants other than the buyer. He maintains that judicial enforcement of a reparations order and an action to protect PACA trust rights are two different remedies to which a seller is entitled, with the three-year limitations period established for the former not applicable to the latter. We are inclined to agree that the limitations period applicable to the judicial enforcement of a reparations order is not applicable to a PACA trust action because,
 "[i]n enacting the PACA trust provisions in 1984, Congress stated that the PACA trust remedy was `in addition to existing remedies under [PACA] including reparation proceedings before the Secretary, court actions, or other existing remedies.' H.R. Rep. No. 98-543, reprinted in 1984 U.S.C.C.A.N. 405, 410 (emphasis added)."
United Potato Co. v. Burghard Sons, Inc., 18 F. Supp.2d 894, 897
(N.D.Ill. 1998). "[The] argument that a reparation order merely enforces a PACA trust makes little sense in light of Congress' clear intent that a PACA trust be an additional remedy to the Secretary's reparations orders and the fact that the PACA trust provisions were added to PACA over fifty years after enactment of the reparations provisions of the Act." Id.
The seller argues that his claim to enforce PACA trust rights was subject, instead, to the four-year limitations period set forth in28 U.S.C. § 1658 ("[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress . . . may not be commenced later than 4 years after the cause of action accrues"). We need not decide that question, because we conclude that the circuit court correctly dismissed the seller's PACA trust claims on grounds other than the statute of limitations.
To preserve its PACA trust rights, a seller must comply with the notice *Page 352 
requirements of 7 U.S.C. § 499e(c)(3) and (4), and with USDA regulations promulgated pursuant to those subsections. See Greg Orchards Produce, Inc. v. Roncone, 180 F.3d 888, 890 (7th Cir. 1999). It is undisputed that the seller complied with the § 499e notice requirements. The seller, however, did not comply with the USDA regulation found at 7 C.F.R. § 46.46(f). That regulation states:
 "The maximum time for payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance of the commodities."
The seller forfeited his right to assert PACA trust protection by entering a postdefault agreement with the buyer on May 7, 1996, whereby the buyer agreed to make 71 weekly payments of $1,000 to satisfy the preexisting debt. By extending the time for the buyer's payment beyond the 30-day maximum set by 7 C.F.R. § 46.46(f), the seller became ineligible to claim any right under a PACA trust. Greg Orchards Produce, Inc. v. Roncone, supra; In re Lombardo Fruit Produce Co.,12 F.3d 806 (8th Cir. 1993).
The seller argues that there was no postdefault agreement between the parties on May 7, 1996. Instead, he claims, there was merely an offer by the buyer to set up a late-payment schedule, an offer that, the seller argues, he did not accept. That argument, however, is undercut by ¶ 26 of the seller's complaint, denominated a breach-of-contract claim:
 "On May 7, 1996, Defendant [buyer], by and through Natalie Smith, its President, executed an agreement to Pay [seller] in the amount of $69,336.90, which by its terms was to be paid in full in seventy-one weeks from said date."
On a motion to dismiss under Rule 12(b)(6), Ala.R.Civ.P., the allegations of the complaint are taken as true. See Dunson v. Friedlander Realty,369 So.2d 792, 795 (Ala. 1979).
Finally, the seller argues that the circuit court erroneously dismissed his claims alleging conspiracy, conversion, and breach of fiduciary duty, because, he asserts, those claims stated common-law grounds for recovery unrelated to the PACA. We must reject that argument, because it is clear that, without 7 U.S.C. § 499e(c), which imposes a trust on the proceeds of commodities for the benefit of unpaid sellers, the seller would be an unsecured creditor with no rights against secured creditors such as Southtrust or Harris. See 7 U.S.C. § 499e(c)(1). Seegenerally Annot., Andrew M. Campbell, Statutory Trust Under PerishableAgricultural Commodities Act (7 U.S.C. § 499a et seq.), 128 A.L.R. Fed. 303 (1995).
We conclude that the circuit court correctly entered its judgment of dismissal. That judgment is, therefore, affirmed.
AFFIRMED.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.